EDWARD MICHAEL, Appellant, *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Respondent.

Fourth Department, October 4, 1922.

Railroads — negligence — action for injury to automobile caused by collision with locomotive — erroneous instruction as to contributory negligence.

In an action to recover damages for injury to an automobile caused by a collision with a locomotive at a highway crossing, it was reversible error for the court to charge that if, as testified by an occupant of the automobile, the front of the locomotive was within ten feet of the crossing when the automobile was ten feet from the track, and the collision occurred by reason of the automobile running into the side of the locomotive, there could be no recovery, where it appears that the view at the crossing was so obstructed that the distance to be traveled by the automobile after the first view was obtainable and before striking the locomotive, was only thirteen feet, that the collision occurred on a rainy, foggy morning and that the preponderance of the evidence was to the effect that no adequate signals were given from the locomotive and that the automatic crossing bell, with which the chauffeur was familiar, was not ringing.

APPEAL by the plaintiff, Edward Michael, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 18th day of December, 1920, upon the verdict of a jury of no cause of action, and also from an order entered in said clerk's office on the 29th day of September, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*Williams, Minard & Williams [Lawrence G. Williams* of counsel], for the appellant.

*Locke, Babcock, Spratt & Hollister [Carlton A. Fisher* and *Raymond C. Vaughan* of counsel], for the respondent.

DAVIS, J.:

The action is to recover damages for injury to an automobile, caused by a collision with a locomotive at a highway crossing.

The view of the crossing was obstructed to a point within twenty feet of the track. A part of the automobile extended in front of the driver's seat about five feet and the overhang of the locomotive was about two feet, so the distance traveled after a view was first obtainable was about thirteen feet. It was a rainy, foggy morning and the preponderance of evidence is to the effect that no adequate signals were given from the engine, and that the automatic crossing bell, with which the chauffeur was familiar, was not ringing. The crossing was approached by a sharp, high grade in the highway.

One of the two passengers in the automobile testified on cross-examination that when he first saw the train the automobile was within ten feet of the track and the engine was about ten feet from the crossing.

The chief ground of error urged upon this appeal is based on a request to charge, made by defendant, as follows: " I ask your Honor to charge the jury that if the front of the locomotive was ten feet from the crossing when the automobile was ten feet from the track, as testified by Mr. Wiegand, and the collision occurred by reason of the automobile running into the side of the locomotive, there can be no recovery." The Court: " I so charge."

This was manifestly error, for it gave prominence to a fragment of the evidence and made it controlling, and in effect instructed the jury that plaintiff was guilty of contributory negligence as a matter of law if Wiegand's estimate of the distance between these moving objects at a particular time was correct. It eliminated all other facts and circumstances contained in the evidence bearing upon the question of plaintiff's contributory negligence, or his exercise of care, which the jury were bound to consider. (*Grand Trunk R. Co.* v. *Ives,* 144 U. S. 408.)

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.