SAMUEL WEISELTIER, an Infant, by FANNIE WEISELTIER, His Guardian ad Litem, Appellant, *v.* DAVID JACOBY and Another, Respondents.

First Department, May 20, 1927.

Trial — instructions — action for injuries suffered in collision with automobile — court withdrew charge that if jury believed defendant's own testimony it would still have to decide whether or not he was negligent — court erroneously charged in place thereof that if jury found defendant's testimony was substantially correct verdict must be for both defendants.

In this action to recover for injuries suffered by a child when she was struck by defendants' automobile, the court charged the jury that even though they believed the story told by one of the defendants, it would still be their duty to decide whether or not there was negligence. The court later withdrew that charge and charged the jury in place thereof that if they found the story of said defendant to be substantially correct their verdict must be for both defendants. The substituted charge was erroneous, for the court should have submitted to the jury the question whether or not the acts of the defendant who was driving the automobile, even though they were as testified to by him, were acts of a reasonably prudent man under the circumstances. This is especially true since his testimony shows that he was driving along a crowded street on which children were playing and that he did not blow the horn until he reached a point close to where the accident occurred.

APPEAL by the plaintiff, Samuel Weiseltier, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 2d day of March, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of March, 1926, denying plaintiff's motion for a new trial made upon the minutes.

*Max Rothenberg*, for the appellant.

*Bertrand L. Pettigrew* of counsel [*Pettigrew, Glenney & Bovard*, attorneys], for the respondents.

PER CURIAM.   In the main charge the court properly instructed the jury that the defendant Jacoby should be held to the standard of a reasonable person under all the conditions by which he found himself confronted on Willet street at the time of the accident.

Thereafter the court sent for the jury and charged as follows: The Court: " Gentlemen, after discussing the matter with counsel, I have called you back to change my charge in one respect. I withdraw what I said which was in substance to this effect, so much of what I said as was in substance to this effect, namely, that if you believe the defendant's story, the defendant Mr. Jacoby's testimony on the witness stand, you would still have to decide the quality of his act, whether he was careful or negligent.   Under the circumstances of the case I withdraw that, and I charge you that if you find that his story as told on the stand was substantially correct your verdict must be for both defendants."

The latter charge was erroneous.   It was not for the court to say whether the evidence as narrated by defendant relieved the defendant from the charge of negligence.   It was for the jury to say whether under the circumstances of this case he acted as a reasonably prudent man should have acted.   This is especially true in view of the fact that defendant testified that at the time of the accident he was driving on a street where there were several other cars, with rows of tenement houses on both sides and children playing on the sidewalks and in the street; that he was crawling along at the rate of eight miles per hour because of the surrounding conditions.

It was for the jury to say whether the defendant's method of operating the car, including the fact that he failed to blow a horn until he had reached a point close to where the accident occurred, may or may not have shown reasonable care.

Although there are cases where such a charge may be correct, the courts have disapproved of giving undue prominence to a fragment of the evidence and making it controlling.   (*Grand Trunk R. Co.* v. *Ives*, 144 U. S. 408; *Michael* v. *New York, Chicago & St. Louis R. R. Co.*, 203 App. Div. 24; *Scholing* v. *O'Connor*, 205 id. 720; *Stelman* v. *Union Railway Co. of N. Y. City*, 200 id. 627; *Bisogno* v. *N. Y. Railways Co.*, 194 id. 316.)

We believe the court erred in holding that the defendant was not negligent if he acted as his testimony indicated.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.