L. STANLEY HINDS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 21753.)

GENEVIEVE L. HINDS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 21754.)

Court of Claims, July 25, 1932.

*Mandeville, Waxman, Buck, Teeter & Harpending,* for the claimants.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Deputy Assistant Attorney-General,* of counsel], for the defendant.

PARSONS, J.   The accident which resulted in the injury to the claimants complained of in the claims filed and determined by the evidence on the trial occurred on a highway leading from Corning, N. Y., to Elmira, N. Y., in or about the hamlet of Big Flats, N. Y., about seven-thirty o'clock A.M., on the 16th day of November, 1930.   The claimant L. Stanley Hinds was driving an automobile on said highway on his way from Bradford, Penn., to Elmira, N. Y., and the claimant Genevieve L. Hinds, his wife, was riding on the seat with him in the automobile.   Both of these claimants were somewhat severely injured.   The automobile was being driven along the highway and when it reached a point near

the site of the accident the driver attempted to get from the center of the highway, which center was paved with bricks, to one of the side strips of concrete, when his car skidded and he ran into a pole on the side of the road, wrecking the automobile and injuring himself and wife more or less seriously.

The evidence establishes that previously to the accident, the Elmira, Corning and Waverly Railway Company had maintained a trolley line in the highway, but the same had been abandoned and no cars had been run over it for some time previous to the accident. When the trolley cars ceased to run, the rails at Big Flats had been left in the highway and were there at the time of the accident. The highway between the trolley tracks and two feet on either side had been paved with brick by the trolley company, and the State of New York, some seven or eight years previously to the accident, had constructed a strip of concrete road on either side of the bricks some nine feet in width each. For some three years previously to the accident, there had existed a difference in the levels of the brick pavement and the concrete pavement on the south side of the highway of from one and one-half to three inches, the concrete pavement being that much higher than the brick pavement This condition had existed for some three years before the accident and was caused either by the brick pavement settling or by the concrete pavement rising. At the time of the accident there were no signals along this portion of the highway at or near the point of the accident. The pavement was damp and slippery caused by rain and mist during the previous night. This highway had been in constant use for several years before the accident and was being maintained by the State under what is commonly known as the "patrol system" as provided in the Highway Law. The accident occurred after the close of the "patrol" period provided for in section 176 of the Highway Law.

If this accident was caused otherwise than by the manner in which the automobile was being driven, and I believe it was, it was caused by a defect in the surface of the highway, to wit, the ridge between the bricks and the concrete which had existed for some three years. To permit a recovery in these cases, it must be shown that the State had expressly waived its sovereign immunity and in order to do this it must be held that section 12-a of the Court of Claims Act (Laws of 1929, chap. 467) had repealed section 176 of the Highway Law. This I do not believe to be so. These provisions of the law must be read together and they read in part as follows: " § 12-a. The State hereby waives its immunity from liability for the torts of its officers and employees and consents to have its

liability for such torts determined in accordance with the same rules of law as apply to an action in the supreme court against an individual or a corporation, and the state hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the state to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the state while acting as such officer or employee. * * * "

Section 176 of the Highway Law, as in force at the time of the accident, reads in part as follows: " § 176. Liability of the state for damages. The state shall not be liable for damages suffered by any person from defects in state and county highways, except between the first day of May and the fifteenth day of November on such highways as are maintained by the state under such system as the commissioner of highways may adopt pursuant to section one hundred and seventy, but the liability for such damages shall otherwise remain * * *."

The latest interpretation of these provisions is that contained in the opinion of the Appellate Division, Third Department, in *Miller* v. *State* (231 App. Div. 363). If I read this opinion correctly, it holds that section 12-a of the Court of Claims Act does not repeal section 176 of the Highway Law, but that these sections must be read together and when the accident was caused by a defect in the highway, as distinguished from a condition existing by reason of misfeasance or negligence of a State officer or employee, section 176 of the Highway Law still obtains and the immunity of the State has not been waived by section 176 except between May first and November fifteenth, the period provided for maintenance under the " patrol system."

This accident occurred on the sixteenth day of November, which is outside of that period, and, therefore, no waiver of immunity exists. This accident, in my opinion, was due to a defect in the highway and was not due to any act of misfeasance or negligence of a State officer or employee.

The condition of this highway had been substantially the same for some three years before this accident, and this condition was not caused by any act of misfeasance or negligence of an officer or employee of the State. It was not the intention of the Legislature in passing section 12-a of the Court of Claims Act to repeal section 176 of the Highway Law. (*Miller* v. *State, supra*.) Section 12-a of the Court of Claims Act has no application thereto. The waiver of immunity contained therein had application, as in the claim of *Miller* v. *State* (*supra*), to an express act of misfeasance or negligence on the part of a State officer or employee.

These claims, therefore, must be dismissed upon the ground that in these cases the State has not expressly waived its sovereign immunity.

RYAN, J., concurs.

RYAN, J. (concurring). I concur in the opinion that these claims must be dismissed for the reason that the State has not waived its immunity. However, I do not regard the difference in level between the brick pavement and the concrete as a defect in the surface of the highway for which the State would be liable had the accident occurred within the period provided for by section 176 of the Highway Law. In my opinion, the claims should be dismissed upon the merits.