JOEL MENCHER, Respondent, *v.* SIDNEY GOLDSTEIN, Appellant.

Second Department, March 5, 1934.

*Harold V. Angevine [James I. Cuff* with him on the brief], for the appellant.

*Nathaniel H. Kugelmass [Joel Mencher* with him on the brief], for the respondent.

CARSWELL, J. Plaintiff's sister owned an automobile. She permitted its joint use by Mencher (plaintiff), Go dstein and Peyser. When the car was being operated by Goldstein in South Dakota, an accident occurred in which Mencher was injured. He brought this action against Goldstein, asserting that Goldstein was negligent. Goldstein's answer to plaintiff's complaint alleges as a defense: " That at the time and place alleged in the plaintiff's complaint, the defendant Sidney Goldstein was engaged with one Leopold Peyser and the plaintiff on a mutual trip enterprise and partnership entered into by their mutual agreement to share collectively all expenses, responsibility and work in the management, operation and control of said automobile alleged by the said plaintiff herein; that at said time and place the defendant Sidney Goldstein was operating said vehicle with the consent and permission of the plaintiff in pursuance of the aforementioned agreement."

Plaintiff has had this defense struck out as insufficient in law, and defendant appeals.

Defendant asserts that the foregoing defense is good under a line of cases of which *Schron* v. *Staten Island Electric R. R. Co.* (16 App. Div. 111) is typical. There plaintiff's decedent and his son were using a horse and wagon to move certain goods in a joint enterprise or business in which both were engaged. The son of the deceased was driving the horse. The defendant's electric car collided with the horse and wagon, killing plaintiff's decedent. Although the plaintiff recovered in that case, it was held that if the negligence of either the decedent or his son (joint adventurers) contributed to the accident, the plaintiff (suing for decedent's wrongful death) could not recover; that is, the negligence of one might be imputed to the other.

The foregoing doctrine has no applicability here. It is only when third parties are affected that the negligence of one coadventurer may be imputed to another. This action does not concern third parties. It concerns joint adventurers in an action *inter se*.

In such a situation, where one joint adventurer is guilty of a tortious act to the damage of another or associate in the joint venture, he must respond in damages therefor. (*Wilmes* v. *Fournier*, 111 Misc. 9; affd., 194 App. Div. 950; S. C., 195 id. 919; *Webb* v. *Elmira Water, Light & R. R. Co., Inc.*, 144 Misc. 506, 507.) This principle is also adverted to in *Kinnie* v. *Town of Morristown* (184 App. Div. 408).

In this transitory action for negligence, the law of the place where the negligent act was committed or the liability arose governs. (*Benton* v. *Safe Deposit Bank*, 255 N. Y. 260, 265.) The presumption is that the law where the accident occurred is the same as the law of the forum. Judicial notice may not be taken of the laws of South Dakota either in their language or interpretation. They are facts which must be alleged and proved. (*Southworth* v. *Morgan*, 205 N. Y. 293, 296.)

Under the New York doctrine, so far as it has been declared, the negligence of defendant Goldstein may not be imputed to the plaintiff Mencher, and, therefore, the defense as pleaded is insufficient in law.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, SCUDDER and TOMPKINS, JJ., concur.

Order granting plaintiff's motion to strike out the separate defense contained in paragraph seventh of defendant's answer affirmed, with ten dollars costs and disbursements.