JOHN B. SHAW, Plaintiff, *v.* JAMES A. BLAINEY, Defendant.

Municipal Court of New York, Borough of Queens, Sixth District, February 7, 1935.

*Hatch & Wolfe [Arthur G. Carr* of counsel], for the plaintiff.

*James A. Nooney [George R. McCormick* of counsel], for the defendant.

KEITH, J. Action brought against the defendant to recover damages which allegedly arose from the negligence of defendant's son who ran into the automobile of the plaintiff while operating the car of the defendant which had been loaned to him by his father, causing the plaintiff to incur severe physical injuries.

The accident occurred at Laurel, Md., on the highway between Washington and Baltimore. The defendant, at the close of plaintiff's case, moved to dismiss the complaint upon the ground that plaintiff had failed to prove the law of the State of Maryland.

It was not incumbent upon the plaintiff to prove that the common law of the State of Maryland was the same as the common law of the State of New York. There is a presumption to this effect. (*Mencher* v. *Goldstein*, 240 App. Div. 290.) This is a legitimate presumption for inasmuch as the common law of all the States of the United States is derived from a common source, it is only reasonable to presume that it is the same in each State unless the contrary be shown. However, this presumption does not help the plaintiff because the common law of the State of New York does not permit one to recover from the owner of a car for the negligence of the operator thereof to whom it has been loaned unless it is being used in the owner's business. The reason that the owner is liable in New York for the act of the operator of a car to whom he has loaned it is because of the provision contained in section 59 of the Vehicle and Traffic Law. This section is as follows:

"Negligence of operator other than owner attributable to owner. Every owner of a motor vehicle or motorcycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motorcycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

It is well settled that in actions of negligence the law of the place of the happening of the accident applies as to the negligence and the *lex fori* applies as to procedure. (*Wright* v. *Palmison*, 237 App. Div. 22; *Sapone* v. *N. Y. C. & H. R. R. R. Co.*, 130 Misc. 755.)

The case last cited, although it appears upon plaintiff's brief, seems to be an authority which is conclusive against the plaintiff. In that case the court held that an executor or administrator could not sue in the State of New York for negligence of the defend-

ant in causing the death of plaintiff's intestates in a fatal automobile accident in the Province of Quebec for the reason that the Civil Code of Lower Canada, section 1056, bars executors and administrators from suing in such action.

It necessarily follows, therefore, that unless the statutes of the State of Maryland contain some provision similar to and having the same effect as section 59 of the Vehicle and Traffic Law of the State of New York, the plaintiff cannot recover. (*Sapone* v. *N. Y. C. & H. R. R. R. Co.*, *supra*.)

I am without power to take judicial notice of such a statute (*Mencher* v. *Goldstein*, *supra*), nor do I find any authority nor has the plaintiff cited any which permits me to presume that such a statute exists. It does not seem logical to hold that one may presume that the statute law of another jurisdiction is the same as the statute law of the State of New York. The cases permitting such a presumption as to the common law are inapplicable where the statutory law of two different States is in question.

Judgment will, therefore, be entered dismissing plaintiff's complaint upon the merits.