NELLIE KILLORAN, Plaintiff, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 23674.)

Court of Claims, April 6, 1935.

*William H. Lynch,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*James B. Creary, Assistant Attorney-General,* of counsel], for the defendant.

RYAN, J. On September 3, 1933, and for some time prior thereto, the entire brick pavement in the village of Waterloo, N. Y., had been maintained by the State of New York, pursuant to section 176 of the Highway Law. This makes the State liable for any defects in said highway even though originally the State paid for only two sections totaling sixteen feet of its width. Anyway the asphalt patch whereon the car skidded was over that part of the surface of the brick pavement which was originally installed at the expense

of the State. It is undisputed that the asphalt patch was placed there by State employees and that it was not in any way altered from the year 1930 up to and including the date of the trial in October, 1934. Samples of the asphalt taken from the patch in April following the accident were admitted in evidence after the State's engineer had testified that the patch was at that time in the same condition as it had been at the time of the accident. Ninety per cent of the patch contained all pure asphalt and only ten per cent thereof had a mixture of coarse aggregate in it.

The State is bound to use only reasonable care in the maintenance of its highways. It was not reasonable care to let this asphalt patch go for three years without any attention. It is well known in the Highway Department and is, in fact, almost common knowledge that the action of the sun and the elements on an asphalt pavement causes the coarse aggregate to go to the bottom and the pure asphalt to come to the top where it presents a slippery surface, especially when wet.

There is some proof to the effect that there was a village ordinance restricting the operation of motor vehicles in the village of Waterloo to twenty miles an hour. The driver of the car in which claimant was riding admits that he was driving between thirty and thirty-five miles per hour. This does not impute to him negligent driving. Whether or not he was negligent must be determined from all the circumstances and conditions existing. We do not find in the record sufficient facts to charge the driver with negligence causing the accident. The claimant was free from contributory negligence and the State having been negligent in not using reasonable care, she can recover herein.

Under the decision in *Hinds* v. *State* (144 Misc. 464; affd., 240 App. Div. 742; affd., 264 N. Y. 525) this case is based upon a defect in the highway and does not come under section 12-a of the Court of Claims Act. Therefore, the six months' filing limitation applies and we have jurisdiction to make an award herein.

ACKERSON, J., concurs; BARRETT, P. J., dissents.

BARRETT, P. J. (dissenting). I dissent from the decision of my associates herein. The claim is based on failure to maintain a State highway in a reasonably safe condition for traffic. This condition was caused by the negligence of the State, its officers or employees. The claim, therefore, is governed by section 12-a of the Court of Claims Act and, not having been served upon the proper officers within the time required, should be dismissed. (*Miller* v. *State*, 231 App. Div. 363, affg. 137 Misc. 768.)