MABEL L. CRANE, as Administratrix, etc., of ARTHUR MORTON CRANE, JR., Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 24038.)

FLORENCE S. MINER, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 24118.)

LENA LEGGETT, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 24119.)

Third Department, November 1, 1939.

*Francis Barry Cantwell,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Leon M. Layden* and *Jacob S. Honigsbaum, Assistant Attorneys-General,* of counsel], for the respondent.

HILL, P. J. Claimants appeal from three adverse judgments of the Court of Claims. The claimants Miner and Leggett, on July 31, 1934, were driving northerly in an automobile and the decedent Crane southerly on the Bloomingdale road in Essex county, which is constructed on two ten-foot concrete lanes supposed to be separated only by a narrow tar expansion joint. The Crane car came in collision with the left front mudguard and wheel of the Leggett car. The Court of Claims has found that Miner and Leggett were free from negligence which contributed to the happening of the accident and that it was occasioned solely through the negligence of decedent Crane.

For a considerable distance, through the settling of the fill and embankment, the easterly and westerly strips of concrete have separated about three inches, and there is proof that this groove was from one to one and a half inches deep at the time of the accident. The theory of the claimants was that Crane's left front tire, or both left tires, had gotten into the groove, which would place the overhanging part of his car beyond his own right of way, and as he approached the Leggett car he attempted to turn his car and disengage the wheel or wheels; that when he did succeed in this effort the car, without fault on his part, swerved into the approaching car occupied by the other claimants, injuring them, and he receiving injuries from which he died; that the proximate cause of the accident and injuries was the faulty condition of the highway.

Each of at least four apparently disinterested witnesses testified that when driving a car or truck in 1933 and 1934, before the accident at this point, his wheel or wheels (some with larger tires than those on the Crane car) would become caught in the groove and the vehicle would swerve violently when the driver succeeded in disengaging the wheels. Three other witnesses, also apparently disinterested, described the groove, told of its existence for from one to two years and its dimensions, one stating them to be larger than earlier mentioned. The surviving claimants were the only persons who were in a position to or did see the Crane car as it approached. One says that he was driving fifteen to twenty miles an hour and both say that his left wheels were in the groove and when he disengaged them his car swerved into the left side of their car. No witnesses sworn on behalf of the State controverted any of the above. A foreman of repairs told of filling this groove with tar on several occasions. All the testimony indicates that any

tar which was placed quickly seeped away. The injury to the Leggett car was to the left front mudguard and wheel, not the radiator, thus indicating there was a lateral blow instead of a head-on collision.

A groove of the kind here described might present little danger in a sidewalk used by pedestrians or in the surface of a dirt road in the horse-and-buggy days, but in the adamant surface of a macadam road, perfectly leveled within a minor fraction of an inch, designed for the use of motor vehicles traveling at a high rate of speed, it might well be a potentiality of great danger. The evidence shows that inflated tires of a diameter greater than three inches (the size of those on the Crane car) sank between the sharp edges and that the vehicle would be diverted suddenly from the normal course, without fault of the driver.

In *Hinds* v. *State of New York* (264 N. Y. 525; 240 App. Div. 742; 144 Misc. 464) the memorandum in the Court of Appeals describes the highway, defect and accident as follows: " The highway in question consisted of two nine-foot strips of concrete with a nine-foot strip of brick pavement between. The Court of Claims found as facts that at the time of the accident there was a difference in the level of the concrete and the brick pavements of from two to three inches, which difference in level had existed for some distance on either side of the point of the accident, and that it had so existed for about three years prior to the accident; that at the time of the accident the pavement was wet and more or less slippery, and that as the claimant husband was attempting to drive his automobile from the brick portion onto one of the concrete strips one of the wheels of the automobile caught on the ridge caused by the difference in elevation between the brick and the concrete, and that the automobile skidded across the concrete strip and collided with a telephone pole on the side of the highway, resulting in the damages complained of." The memorandum also states the basis for the decision of the Court of Claims, which was affirmed: " The Court of Claims found as conclusions of law that the accident was caused by a defect in the surface of the highway and not by the misfeasance or negligence of any officer or employee of the State while acting as such; and that the State was immune from liability because the accident occurred outside of the period between May first and November fifteenth."

Apparently both the Court of Appeals and the Court of Claims determined that the highway was in an unsafe condition. The condition there proven corresponds somewhat to the case under consideration, with the greater potentialities of danger in the present case on account of the liability that a wheel would be caught in the groove.

There is proof tending to show that decedent Crane was intoxicated shortly before the accident. In the present record this is incomplete and insufficient on which to found a finding as to his contributory negligence.

The judgments in the Miner and Leggett matters should be reversed on the law and facts and the matters remitted to the Court of Claims to fix damages. The judgment in the Crane matter should be reversed on the law and facts and the matter remitted to the Court of Claims upon the question of contributory negligence of the decedent and damages.

CRAPSER, BLISS, SCHENCK and FOSTER, JJ., concur.

Judgments in the Miner and Leggett cases reversed, on the law and facts, with costs, and matters remitted to the Court of Claims to fix damages.

Judgment in the Crane case reversed, on the law and facts, with costs to abide the event, and matter remitted to the Court of Claims upon the question of contributory negligence of the deceased, and damages.

The following findings of fact in Crane, as administratrix, v. The State are reversed: 18, 19, 20, 22, 30, 31, 33, 34, 37, 38, 40, 42, 44, 45, 46, 47, 48, 49, 50, 51, 52, and all findings of fact contained in conclusions of law, and the court makes the following new findings of fact in the Crane case. The following numbers contained in claimant's requests to find: 28, 29 (incorrectly numbered 20 in some typewritten records), 30, 33, 34, 42, 44, 45, 46, 47, 51.

The following findings of fact in Miner v. The State are reversed: 18, 19, 20, 22, 30, 31, 32, 33, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, and all findings contained in conclusions of law, and the court makes the following new findings of fact in the Miner case. The following numbers contained in claimant's requests to find: 18, 19, 20, 23, 24, 25, 26, 27, 32, 33, 34, 35, 36, 37, 38, 41, 44, 45, 46, 47, 49, 52, 53, 54.

The following findings of fact in Leggett v. The State are reversed: 18, 19, 20, 22, 29, 30, 31, 32, 33, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, and all findings contained in conclusions of law, and the court makes the following new findings of fact in the Leggett case: The following numbers contained in claimant's requests to find: 19, 20, 23, 24, 25, 26, 27, 32, 33, 34, 35, 36, 38, 41, 44, 45, 46, 47, 48, 49, 50, 51.