MABEL L. CRANE, as Administratrix of the Estate of ARTHUR M. CRANE, JR., Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent.  (Claim No. 24038.)

*Argued June 14, 1943; decided July 20, 1943.*

*Francis B. Cantwell* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*James H. Glavin, Jr.,* and *Orrin G. Judd* of counsel), for respondent.

Judgment affirmed, without costs; no opinion.

Concur: LEHMAN, Ch. J., LOUGHRAN, LEWIS, DESMOND and THACHER, JJ. CONWAY, J., dissents in the following memorandum, in which RIPPEY, J., concurs:

CONWAY, J. (dissenting). A careful reading of the record has convinced me that the appellant was defeated in her claim because the trial court mistakenly believed that the deceased was a man who had been intoxicated shortly before the accident at a nearby fair grounds. In addition to the fact that the *identity* of the deceased with the man at the fair grounds was not established, the doctor and the night supervisor in charge of the Saranac Lake General Hospital (a registered nurse) who attended the deceased upon his removal to the hospital immediately after the accident testified that they saw no sign or symptom of intoxication and specifically testified that there was no odor of alcohol upon his breath. The doctor said that he " saw no evidence of intoxication in the man at that time," " no clinical evidence at all " of intoxication and: " Ordinarily, when a person is intoxicated his pupils are usually contracted for one thing and the eyes are more or less blood shot and his eyes were equal and round and freely movable, reacted to light and accommodation. That would indicate there was no intoxication." The night supervisor testified: " Q. Will you tell the Court from your observation and your attendance on this patient at that time whether there was any evidence of intoxication, or whether he was under the influence of liquor? A. He was not. Q. Will you tell what you observed? A. I think the odor of their breath would be the main thing and usually our surgeons when you speak to them ' Do you think this man was drinking?', and I remember both the surgeon and myself shook our head and said, ' No, this man isn't under the influence of liquor.' "

Following the first trial, the Appellate Division remitted the cause to the Court of Claims " upon the question of contributory negligence of the decedent and damages " *and only as to those issues.* (257 App. Div. 699, 702.) As to the issue of contributory negligence the burden was on the State. (Civ. Prac. Act, § 265.) On the new trial on the question of contributory negligence there was no proof, even assuming the deceased to have been intoxicated, that any act of the deceased contributed in the slightest degree to the accident which caused his death.

Before remitting the cause to the Court of Claims for the taking of proof as to the contributory negligence of the deceased, the Appellate Division made the following " new findings of fact as to the negligence of the State which resulted in the death of the intestate " which constitute the law of this case as to the negligence of the State:

" 33. That on July 31st, 1934, there existed at a point on panel 22 of the said roadway  *  *  *  a depression, hole or groove of a width of about three inches and of a depth of about two inches.

  *  *  *  *.  *  *  *

" 42. Said depression, groove or rut as described and established by claimant was of a width and depth sufficient to catch, deflect, divert or turn the wheels of passing automobiles and make steering said automobiles difficult over said points.

  *  *  *  *  *  *  *

" 47. Prior to July 31st, 1934, for at least 18 months before said accident, motorists had experienced the action of said depression, groove or rut at or near the spot described as the place of the accident in this claim, and had their automobiles turned, diverted, swayed by the action of the said defect in the said highway."

Under the facts as established the claimant was entitled to judgment as a matter of law.

The judgment should be reversed and a new trial granted, with costs to abide the event.