(May 10, 1944.)

CHARLES R. FERON, as Administrator of the Estate of ARTHUR C. FERON, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 23468.)

Order reversed and the claim reinstated and the matter remitted to the Court of Claims.

Hill, P. J., and Bliss, J., concur on the authority of *Burge v. State of New York* (242 App. Div. 721); Brewster, J., concurs in opinion; Schenck, J., dissents in opinion, in which Heffernan, J., concurs.

BREWSTER, J. (concurring). We are here concerned with the provisions of sections 12, 12-a and 15 of the Court of Claims Act as they existed in 1932–1933. (L. 1920, ch. 922, as amd.) Said section 12 defined the jurisdiction of that court. It was derived from section 264 of the old Code of Civil Procedure and was added by chapter 36 of the Laws of 1897. In purpose and effect it granted jurisdiction to the Court of Claims to hear and determine private claims against the State. As to such claims the State there consented to have its liability determined. It waived the defense of sovereignty but not its *immunity from liability* in any case or classes of cases. Thus as to any claims as to which there was liability on the part of the State that court was given jurisdiction to hear and determine them. It was designated as the trial forum. In support of the foregoing I quote the following from *Smith* v. *State of New York* (227 N. Y. 405, 409), written in reference to section 264 of the Code of Civil Procedure, the antecedent of the aforesaid section 12 of the Court of Claims Act: "It was not enacted, as it seems to me, for the purpose of extending or enlarging the liability of the State, but solely for the purpose of declaring the jurisdiction of the Court of Claims, before which questions of liability might be tried.

"It is true, as urged, that the section confers upon the Court of Claims jurisdiction of the broadest character. The State, under the terms of the section, must be treated as having waived its immunity against actions as to all private claims. (*People ex rel. Swift* v. *Luce,* 204 N. Y. 478; *People ex rel. Palmer* v. *Travis,* 223 N. Y. 150.) But it is thoroughly established that by consenting to be sued, the State waives its immunity from action and nothing more. It does not thereby concede its liability in favor of the claimant or create a cause of action in his favor which did not theretofore exist. It merely gives a remedy to enforce a liability and submits itself to the jurisdiction of the court, subject to its right to interpose any lawful defense. (*Roberts* v. *State of N. Y.,* 160 N. Y. 217.) Immunity from an action is one thing. Immunity from liability for the torts of its officers and agents is another."

Section 58 of the Highway Law (originally § 176; L. 1909, ch. 30, amd. L. 1910, ch. 570) is an instance of such a waiver of immunity. There the State waived its immunity from liability for damages suffered from defects in State highways maintained by the patrol system, between May 1st and November 15th.

Such substantially has been the statute since the 1910 amendment aforesaid. The liability which the State there assumed did not extend to an adoption of the doctrine of *respondeat superior* and thus it could not be occasioned because of the personal negligence of the State's officials or employees. (*Hinds* v. *State of New York,* 144 Misc. 464, affd. 240 App. Div. 742, affd. 264 N. Y. 525.) In other words, for damages occasioned because of a defective condition of the highway as distinguished from one caused or existing because of the negligence of the State's officers or employees — a distinction which might be at times difficult to draw — the aforesaid section of the Highway Law, during the period of the patrol system, did, as now, waive the State's erstwhile immunity from liability.

Section 15 of the Court of Claims Act is also derived from the aforementioned section 264 of the old Code of Civil Procedure. It prescribed in 1932, as now, certain procedural provisions which were required to be followed in order that the jurisdiction of the court as defined by section 12 of the Court of Claims Act could function as regards the claim presented. Such procedural provisions therefore applied, and alone were requisite, as to all those claims for damages where the State's liability arose by reason of its statutory waiver of immunity, other than those arising under the waiver given by section 12-a (*supra*) which carried new procedural provisions peculiar to it. Until the adoption of the latter (L. 1929, ch. 467), there could be no liability on the part of the State for damages occasioned by the negligence of its officers and employees. It was there, by section 12-a (*supra*) and for the first time, that the State waived its immunity from liability for torts of its agents. (*Jackson* v. *State of New York,* 261 N. Y. 134, 138.)

Thus as to the time when the cause of action in question accrued, viz., May 23, 1933, where must we look to find the statutory pronouncement of the State's waiver of liability on account of the cause of action set forth in the claim or notice of claim which was filed? If it is section 12-a (*supra*) then it seems to me that the procedural provisions with respect to filing the claim or notice thereof, as therein required, must have been complied with. This was not done. It seems to me that in view of the decisions in the case of *Smith* v. *State of New York* (268 N. Y. 551), we must hold that the reference in section 12-a to damages for personal injuries includes a death case. In that case the claim grounded liability solely on the negligence of a State employee while acting as such.

If, however, the cause of action set forth in the claim in question casts a liability upon the State on account of a defect in its highway because of a condition distinguishable from one arising because of the misfeasance or negligence of a State officer or employee, then, in my opinion, the procedural provisions of section 12-a (*supra*) do not apply because the claim does not originate by virtue thereof. Rather, in such case, we look to the Highway Law (§ 58, *supra*) for such waiver of immunity and, as to that, only the procedural provisions of section 15 of the Court of Claims Act need to be complied with. This was done.

The specifications of the claim filed in its description of the negligence of the State seem to allege negligence on the part of the State because of conditions and things which might be shown to have been wholly removed in tort from the personal misfeasance or negligence of the State's officers or employees. If so established, then due and proper compliance with all required procedural provisions was had. The claim was filed within the period required by section 15. While it seems that the accident occurred after the close of the State's mainte-

nance of its patrol system and not during the period wherein the State had waived its immunity, still that question is not before us. It should be adjudicated in the Court of Claims. The order of dismissal should be reversed and the matter remitted to the Court of Claims for trial and determination as to whether liability can be established under section 58 of the Highway Law.

SCHENCK, J. (dissenting). This is an appeal from an order of the Court of Claims dismissing a claim for damages due to alleged negligence of the State in improperly fencing and guarding a State highway, which negligence it is alleged resulted in the death of claimant's intestate. The claim was dismissed on the ground that no claim or notice of intention to file a claim was served upon the Attorney-General or upon the Superintendent of Public Works within the period prescribed by section 12-a of the Court of Claims Act as it read at the time the claim arose.

Section 12-a of the Court of Claims Act at the time of claimant's intestate's death, on December 2, 1932, and at the time limited letters of administration were issued to claimant, on May 23, 1933, insofar as pertinent here, read as follows: " § 12-a. The state hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the supreme court against an individual or a corporation, and the state hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the state to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the state while acting as such officer or employee. Such claim must be submitted pursuant to the procedural provisions of the court of claims act; provided, however, that no action shall be maintained against the state for damages or injuries pursuant to this section unless a written claim or a written notice of intention to file a claim, duly verified and containing the information required by section fifteen of this act, shall be served upon the attorney-general and the superintendent of public works within sixty days after the alleged injury occurred, nor unless the claim shall be filed thereon within two years after the happening of the event which caused the injury."

Section 12 of the Court of Claims Act at that time, insofar as here applicable, provided as follows: " § 12. Jurisdiction of Court. The court of claims possesses all of the powers and jurisdiction of the former board of claims. It also has jurisdiction to hear and determine a private claim against the state, including a claim of an executor or administrator of a decedent who left him or her surviving a husband, wife or next of kin, for damages for a wrongful act, neglect or default, on the part of the state by which the decedent's death was caused, which shall have accrued within two years before the filing of such claim and the state hereby consents, in all such claims, to have its liability determined."

Likewise, section 15 of the Act provided: " § 15. Notice of Claim. No claim other than for the appropriation of land shall be maintained against the state unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the court of claims and with the attorney-general either a written claim or a written notice of intention to file a claim against the state, stating the time when, and the place where such claim arose and in detail the nature of the same, and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths." (Amd. L. 1921, ch. 474.)

Appellant contends that the provisions of section 12-a conferred jurisdiction upon the Court of Claims to determine a claim for property damages or personal injuries, and so much thereof as requires that a verified claim or notice of intention to file such claim be served upon the Attorney-General and the Superintendent of Public Works within sixty days after the occurrence of the injury is inapplicable where the claim is for wrongful death of a claimant's intestate, and that section 12 grants to the Court of Claims jurisdiction of such claim and waives the State's immunity from liability for the torts of its officers and agents.

Plaintiff's intestate, while operating a motorcycle over a State highway between Haines Falls and Palenville, Greene County, met an accidental death on December 2, 1932, when his motorcycle struck a log or incumbrance on or along said highway. Limited letters of administration were issued to claimant on May 23, 1933, and notice of intention to file a claim was filed with the clerk of the Court of Claims on July 24, 1933. A similar notice of intention to file claim was served on the Attorney-General July 24, 1933, sixty-two days after the appointment of the administrator. Notice of intention to file claim was also served on the Superintendent of Public Works on August 24, 1933, a period of ninety-three days from the date of such appointment. The court apparently recognized the rule that in considering a statutory provision requiring notice of intention to sue within a stated time after a cause of action accrues and the claim is presented by an administrator for wrongful death, the action does not accrue until the appointment of such administrator. (*Crapo* v. *City of Syracuse,* 183 N. Y. 395, 399.) In that case the court pointed out that an action for damages causing death was unknown to the common law and is purely a creation of statute: " In framing these limitations it is plain that the legislature never supposed that an action such as the one at bar was included in the term ' personal injury.' An action for damages for personal injury is an action wherein a living party who is before the court has sustained an injury to his person.

" It is equally clear, it seems to me, that the cause of action in this case did not accrue until the appointment of the plaintiff as administratrix."

This court has held that section 12-a of the Court of Claims Act requiring the sixty-day notice is not applicable in a death case and that by section 12 of said Act the State waives its immunity and confers jurisdiction on the Court of Claims, and section 15 of the Act specifies six months as the time within which the notice of claim must be filed. (*Burge* v. *State of New York,* 242 App. Div. 721.)

In the case at bar the Court of Claims did not follow the decision in the *Burge* case, accepting the Attorney-General's contention that the Court of Appeals in the case of *Smith* v. *State of New York* (268 N. Y. 551) has since held to the contrary and that the decision therein is controlling.

The claim in the *Smith* case was for damages resulting from death caused by the wrongful act of a State employee. The action was twice tried. The first trial resulted in a dismissal of the claim on the merits. (*Smith* v. *State of New York,* 148 Misc. 524.) The Appellate Division (Fourth Department) reversed *on the facts* and granted a new trial solely on the ground that the finding that the State's employee was free from negligence causing the accident which resulted in the death of plaintiff's intestate was against the weight of evidence. (241 App. Div. 656.) A second trial was had and an award was made to claimant, the court holding that the defense had failed to establish that claimant's intestate was guilty of contributory negligence. (154 Misc. 849.)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Upon both trials the defense objected to the jurisdiction of the court to hear and determine the claim upon the ground that section 12-a of the Court of Claims Act did not provide for a claim for damages for death by a wrongful act on the part of the State, but applied only to property damage and personal injuries. Claimant had complied with the provisions of section 12-a as to making service upon the Attorney-General and the Superintendent of Public Works within the sixty days required by that section. He had not, however, complied with the provisions of section 15 and no claim or notice of intention was filed with the clerk of the court within the six months' period required by that section.

At the first trial the State moved for a dismissal on the ground that no claim or notice of intention was filed with the clerk within the six months' period pursuant to section 15. (148 Misc. 524.) Likewise, defendant State moved to set aside the judgment rendered in the second trial (154 Misc. 849) on the same ground. The Court of Claims denied the motion (154 Misc. 851) and in rendering its decision on such denial made reference to our decision in the *Burge* case (*supra*) which had been handed down in the interim between the first and second trials, and concluded: " There being an apparent conflict between two Departments of the Appellate Division of the Supreme Court of the State, a question presents itself which is not for us to decide. With due respect to the learned justices of the Appellate Division in the Third Department, we believe that the law in this case has been made and that we must follow the direction given us by the Appellate Division in the Fourth Department. Having determined, upon the second trial, the issue of contributory negligence of the deceased adversely to the defense, we must uphold our decision and deny the motion to set it aside."

The contention that section 12-a did not apply in a death case was considered by the Court of Claims at the first trial as well as at the second trial. On both appeals to the Appellate Division, Fourth Department (241 App. Div. 656, 243 App. Div. 682), the matter was stressed in points III and IV in appellant's brief and likewise in points I, II and III in its brief in the Court of Appeals, though no reference to the motions to dismiss made at the trials was made in either decision in the Appellate Division. The appeal to the Court of Appeals from the order of the Appellate Division affirming the judgment in favor of the claimant was by permission of the court. (268 N. Y. 551, affg. 243 App. Div. 682.) In the State's brief in the Court of Appeals, under heading " Questions Presented ", appellant stresses three points of law: (1) the State has never waived its immunity from liability for the torts of its employees causing death; (2) that the Court of Claims was without jurisdiction to determine the claim; (3) the claimant adopted the wrong procedure and that the procedural provisions must be found in section 15, which requires a filing in the office of the clerk within six months, citing *Burge* v. *State of New York* (*supra*). The brief statement prepared by the reporter makes no reference to the arguments or motions made at the trial. (268 N. Y. 551, *supra*.) Surely the Court of Appeals had before it the contentions of both parties, as well as the opinion of the Trial Judge which is contained in the record. True, no reference to the jurisdictional or procedural provisions of the Court of Claims Act is made in the affirmance of the judgment on the second trial, but we may not say that this important phase of the appeal has not been considered, and it must follow that the decision in the *Smith* case has met the approval of the Court of Appeals and is controlling. Furthermore, the briefs of both the claimant and the State on the appeal in the *Smith* case

in the Appellate Division and in the Court of Appeals made extensive reference to our decision in the *Burge* case.

In the circumstances it would appear that our highest court has not followed our decision in the *Burge case* (which, by the way, never was appealed), and accordingly, the *Smith* case determines the issue before us in the case at bar.

The order and judgment of the Court of Claims dismissing the claim should be affirmed. [See 268 App. Div. 835.]