— Appeal from a judgment of the Court of Claims in favor of the administrator. (See 267 App. Div. 1012.) Judgment affirmed, with costs. Hill, P. J., Brewster, Foster and Lawrence, JJ., concur; Brewster, J., in the following separate memorandum : I concur for affirmance. The claim was duly filed and served except as to a special procedural provision contained in the latter part of former section 12-a of the Court of. Claims Act (added by L. 1929, eh. 467). As to that there was a short lack in timeliness. The injury-producing cause was not a “ defect ” in the State highway within the purview of section 58 of the Highway Law as to which the State limited its waiver of immunity from liability to a part of the year. (Wasnick v. State of New York, 295 N. Y. 902; Karl v. State of New York, 279 N. Y. 555; Miller v. State of New York, 231 App. Div. 363.) Nor does the claim charge, nor the proofs establish, such cause to have been a tort committed by any particular State officer or employee; yet, for the State’s maintenance of the peril which caused the fatality it is liable if the facts and the law be determined in accordance with the same rules applicable to individuals. That liability the State has assumed (Jackson v. State of New York, 261 N. Y. 134; Court of Claims Act, former §§ 12, 12-a; present § 8; L. 1939, ch. 860), and the shortcoming in compliance with the former special provisions as to the service of claim was not fatal to jurisdiction. Heffernan, J., dissents, in the following memorandum: I dissent and vote to reverse the judgment and dismiss the claim on the dissenting opinion of Mr. Justice Schenck on the earlier appeal in which I concurred.