■ FRANK VERDINO, as Administrator of the Estate of DELIO VERDINO, Appellant, v. ROSE HAYES, as Administratrix of the Estate of ALBERT WINTER, Respondent.— In an action for wrongful death, plaintiff appeals (1) from

a judgment of the Supreme Court, Queens County, entered October 22, 1957, dismissing the complaint at the close of his case, and (2) from the decision. It appears that plaintiff's intestate and defendant's intestate were both killed when the automobile owned and operated by the latter crashed into a light power pole on Cross Bay Boulevard near 163rd Avenue, Queens County, New York. The pole was sheared in two at a point about 20 feet from the ground, with the bottom part resting on the automobile, which was considerably damaged. There were no eyewitnesses to the accident, which happened at about 3:15 A.M. on June 13, 1954. The weather was dry at the time of the accident. There were no surface marks on the roadway. It rained shortly thereafter. In addition to the multiple injuries suffered by both intestates, including fractured skulls, the laboratory analysis showed that there was present in the brain of each "ethyl or grain alcohol * * * three-plus", and that "three-plus is compatible with a state of intoxication beyond any question" and affects the judgment and ability to drive "beyond any question." The complaint was dismissed at the close of plaintiff's case on the ground that plaintiff failed to make out a prima facie case in that the "things which by inference, or circumstantially could have caused this accident, are innumerable." Judgment reversed on the law, and a new trial granted, with costs to appellant to abide the event. In our opinion, it was error to dismiss the complaint. The presence of evidence, whether direct or circumstantial, from which defendant's intestate's negligence may be reasonably inferred requires that the case be submitted to the jury (*Lubelfeld* v. *City of New York*, 4 N Y 2d 455). When a complaint in a death action is dismissed at the close of plaintiff's case, a reviewing court is bound by the following four established principles: (1) Plaintiff is entitled to the most favorable inferences which can reasonably be drawn from the evidence; (2) a plaintiff is not held to as high a degree of proof as where an injured person might himself describe the accident; (3) defendant must establish plaintiff's contributory negligence; and (4) "'if any possible hypothesis based on the evidence forbids the imputation of fault to the deceased, as matter of law, the question is for the jury' (*Andersen* v. *Bee Line*, 1 N Y 2d 169, 172 * * *)." (*Paul* v. *Staten Is. Edison Corp.*, 2 A D 2d 311, 314, and cases cited therein.) In the case at bar the jury could have inferred from the testimony adduced (1) that defendant's intestate was operating the automobile in an intoxicated condition — a crime under subdivision 5 of section 70 of the Vehicle and Traffic Law, the violation of which, if found to be the cause of the accident, is negligence (*Martin* v. *Herzog*, 228 N. Y. 164, 168); (2) that the automobile was being operated at an excessive rate of speed in view of the shearing of the pole, the considerable damage to the automobile and the numerous injuries sustained by both intestates, including fractured skulls (*Mays* v. *Wortham*, 3 A D 2d 473). These were facts and circumstances from which the negligence of defendant and the causation of the accident by that negligence may be reasonably inferred (*Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1, 7). Nor is there any merit to defendant's contention that there can be no recovery by plaintiff because there was an assumption of risk by the intoxicated passenger riding with the intoxicated operator. The case (*Kinnie* v. *Town of Morristown*, 184 App. Div. 408) relied upon by defendant is not in point. There plaintiff and other occupants of an automobile were out on a drinking spree. Plaintiff was injured when the automobile driven by the intoxicated driver went off the embankment. The rule enunciated there was that under such circumstances the negligence of the driver was imputed to plaintiff. There, however, the action was against a third party, the town, and the claim of negligence was improper maintenance of the highway. It has been held, however, that

where third parties are not affected, the negligence of one coadventurer may not be imputed to another. (*Wilmes* v. *Fournier*, 111 Misc. 9, affd. 194 App. Div. 950; *Mencher* v. *Goldstein*, 240 App. Div. 290; *Ottmann* v. *Village of Rockville Centre*, 275 N. Y. 270, 274.) Moreover, it is well established that, in order to impute negligence to a plaintiff because of the intoxicated condition of the driver, there must be proof that plaintiff had such knowledge and, in any event, it is an issue which must be submitted to the jury. There is no such proof in the case at bar. Furthermore, this being a death action, the burden of proving plaintiff's contributory negligence rests on defendant. Appeal from decision dismissed, without costs. No appeal lies from a decision. Beldock, Acting P. J., Pette and Brennan, JJ., concur; Ughetta and Christ, JJ., concur in the dismissal of the appeal from the decision, but dissent and vote to affirm the judgment, with the following memorandum: The proof of a speedy swerve into the pole is insufficient to constitute a prima facie case of actionable wrongful death of the passenger (*Cole* v. *Swagler*, 308 N. Y. 325; *Galbraith* v. *Busch*, 267 N. Y. 230; *Lahr* v. *Tirrill*, 274 N. Y. 112). The proof is sufficient only if, at least, an inference of negligent operation may be drawn from the intoxication of defendant's intestate (cf. *Crane* v. *State of New York*, 291 N. Y. 578). But the plaintiff's intestate was equally intoxicated. If an inference of negligence as to one is to be drawn, then by the same token an inference of contributory negligence must be drawn as to the other (cf. *Kinnie* v. *Town of Morristown*, 184 App. Div. 408). To go beyond such inference and to indulge in contingencies which would render the passenger blameless would be speculation.