Bernard Tomson, J.
In this action, apparently of first impression in this State, the plaintiff, the owner and operator of a motorboat, seeks to recover in negligence for property damages arising from a collision between his boat and the motorboat of the defendant, being operated at the time of the accident by a gratuitous bailee. The defendant was not then in his boat.
No statute similar to section 59 of the Vehicle and Traffic Law appears in the Navigation Law or in other New York laws making a boat owner liable for the negligence of an authorized operator. In the absence of statute it is apparent that the owner is not liable for damages growing out of the negligent act of a gratuitous bailee. (Selles v. Smith, 5 A D 2d 677, revd. on other grounds 4 N Y 2d 412; Cherwein v. Geiter, 272 N. Y. 165; Psota v. Long Is. R. R. Co., 246 N. Y. 388; Hessler v. Nelipowitz, 55 N. Y. S. 2d 692; New York Tel. Co. v. Scofield, 31 N. Y. S. 2d 393; Mills v. Gabriel, 259 App. Div. 60, affd. 284 N. Y. 755; Renza v. Brennan, 165 Misc. 96; Shaw v. Blainey, 154 Misc. 495; Bandych v. Ross, 26 N. Y. S. 2d 830; Devitt v. Continental Cas. Co., 245 App. Div. 115, revd. on other grounds 269 N. Y. 474.)
The rule is similar in admiralty. ‘ ‘ In my judgment, the respondents J. B. Hahn and Martin Hahn are liable to the libelants for the damage arising in this case, but the respon *296 sibility of the respondent Seckworth is a more serious question. The testimony shows that he was the owner of the boats, and had sold them, deliverable in Pittsburgh. The Hahns had sold pit posts deliverable in Pittsburgh, and agreed to bring the boats to the place of delivery in consideration of the owner allowing them to load and convey their posts to the place of delivery. Mr. Seckworth was not upon the boats at the time, and had nothing to do with the navigation of his boats. His relation to the other respondents was that of a bailor, and he is not under any legal responsibility for their acts. The libel must be dismissed as to him.” (See Pope v. Seckworth, 47 F. 830, 832.)
In American Law Reports (63 A. L. R. 2d 359) the point is discussed as follows:
“ In a few cases, the issue has been raised as to the liability of a motorboat owner for injuries incurred while the boat was being operated with his permission by another not his agent, servant, bailee, or lessee, or by his minor child, or a member of his family.
‘ ‘ Two courts, under such circumstances, in denying or limiting recovery from the owner, have applied the ordinary rules of negligence, or principles related thereto, to the effect that certain instrumentalities, such as automobiles in proper repair, are not inherently dangerous so as to render the owner or operator thereof liable as an insurer for injuries caused thereby, but that liability must rest upon negligence, which in some instances may consist of the owner’s entrusting the particular instrumentality to an incompetent operator in whose hands it may become dangerous.” The appended note directs attention to Strom v. Anderson (114 F. Supp. 767); Reutbord v. Ehmann (190 F. 2d 533); Matter of Hocking (158 F. Supp. 620); Williams v. McSwain (248 N. C. 13); The Inga (33 F. Supp. 122); Davis v. Esso Delivery No. 13 (100 F. Supp. 285); Dickey v. Thornburgh (82 Cal. App. 2d 723) and Felcyn v. Gamble (185 Minn. 357).
Legislative Document No. 39 (1958) — Report of the Joint Legislative Committee on Motor Boats — in proposing a bill recommended by the committee for the purpose of imposing responsibility on the owner for the negligence of the operator states (p. 45) in a memorandum:
“ This bill adds a new section to the Navigation Law. Under its provisions the owner of a boat is made responsible for the negligence of any person operating it with his permission, expressed or implied. The liability imposed would not apply in the case of rented or chartered vessels.
*297 ‘1 During the past ten years we have seen a tremendous increase in boating. It is now estimated that some 600,000 vessels are operating on state waters.
‘ ‘ This condition has resulted in a shocking increase in boating accidents many of which have resulted in death and serious personal injury.
11 Investigations conducted by this Committee reflect that many accidents are caused by the fact that owners of boats freely permit their operation by persons who have no knowledge of basic water safety rules and no appreciation of the damage which can result from the reckless operation of high powered vessels. We have also found that because of age and other limitations many persons injured in boating accidents have no financial recourse against the negligent operators.
“ The Committee believes that the passage of this bill would serve a twofold purpose: 1. By imposing financial responsibility on owners it would tend to insure that they would permit the use of their boats only by qualified operators. Thereby the number of accidents would be reduced. 2. Provide at least in part that persons injured in boating accidents would have recourse against a presumably responsible person.
“For the reasons mentioned approval of the bill is recommended. ’ ’
The proposed bill, however, failed of passage. This despite the adoption of statutes providing for a new and improved procedure for the registration and control of motorboat operation on waters within this State, violations of which subject the owner and/or operators to severe civil and criminal penalties. (L. 1959, chs. 836-840, amdg. the Few York State Navigation Law. See Message of the Governor, dated April 24,1959, Motor Boat Registration and Control, and “Legislative Finding” following Navigation Law, § 79-a; cf. U. S. Code, tit. 46, § 526.)
Until the passage of the bill recommended by the Joint Legislative Committee on Motor Boats or its equivalent, the plaintiff, on the facts such as here exist, is relegated to an action against the operator and may not recover against the owner. This may appear bizarre in a State where the age established for the operation of a motorboat is 14 and, under certain conditions set out in the Navigation Law (§ 70) operators may be between the ages of 10 to 14. However, until the intervention of statutory authority explicitly making the owner liable, no cause of action exists against the owner for the negligent act of a gratuitous bailee operating a motorboat. Judgment for defendant.