■ ALFREDO R. GOLDBERG, Individually, and as Administrator of the Estate of HELEN M. GOLDBERG, Deceased, Also Known as HELEN M. AMUNDSEN, Deceased, Appellant, v MELVIN SPRINGER et al., Respondents.—In a negligence action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered January 18, 1977, which is in favor of defendants upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The plaintiff's intestate was operating an automobile in a northbound direction on the FDR Drive in New York City on May 2, 1972. She was killed as the result of an accident near the entrance at East 62nd Street. The defendant Springer was driving an automobile owned by the defendant White in the same direction in the vicinity of the decedent's vehicle. A witness at the trial, who had been driving a third automobile on the same highway at the time, testified that he saw the decedent's vehicle strike a wall and carom back into the center lane. The defendants' car scraped the same wall following the decedent's automobile. He further testified that the decedent's automobile came to a stop, that he alighted from his car, that he could not find an occupant in the decedent's car, nor anyone on the roadside; he then heard a call and went further northbound on the highway, about one and a half or two blocks, where he saw the decedent lying in an emergency cutoff, five or six feet

behind the defendants' car, which was stopped. The Acting Medical Examiner of the City of New York testified that death had been caused by extensive injuries which would not have been sustained merely from the impact with the wall and the ejection of the decedent from her vehicle. The defendants' attorney stated that the defendants could not be found. On this appeal from a dismissal at the close of the plaintiff's case, we must consider: (1) that the plaintiff is not bound to the same standards of proof as an injured party who is able to testify; (2) that the burden of contributory negligence rests on the defendants; and (3) that the evidence must be viewed in the most favorable aspect to the plaintiff (Jamison v Walker, 48 AD2d 320). Evidence, direct or circumstantial, from which the negligence of the defendants may be reasonably inferred requires that the case be submitted to the jury (Verdino v Hayes, 10 AD2d 978). We think that there is sufficient evidence from which a jury might reasonably find negligence on the part of the defendants. The positions of the decedent's car and the defendants' car before, during and after the accident and the testimony of the medical examiner permit reasonable inferences to be drawn that the decedent was ejected by the impact of her car with the wall onto the highway, and was then dragged one and a half to two blocks by the defendants' car. Whether under the circumstances of the case the defendants were negligent, or the decedent guilty of contributory negligence, are all matters for resolution by the jury. Hopkins, J. P., Shapiro and O'Connor, JJ., concur. Hawkins, J., dissents and votes to affirm the judgment.