■ ANTHONY SANNELLA et al., Appellants, v NASSAU COUNTY FIRE COMMISSION et al., Defendants, and MELVILLE FIRE DEPARTMENT, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Nassau County (Delin, J.), dated April 2, 1981, which granted defendant Melville Fire Department's motion for summary judgment dismissing the complaint as to it, and dismissing the cross claims interposed by the other defendants. Order affirmed, with $50 costs and disbursements. Plaintiffs have offered no proof in opposition to defendant Melville Fire Department's motion for summary judgment. A party, in opposing such motion, is required to assemble and lay bare affirmative proof to establish the existence of a genuine issue of fact for resolution at a trial (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Plaintiffs' concessions, that the smoke-making device, which, it is alleged, discharged the smoke which caused plaintiff Anthony Sannella's injury, was owned by defendant Jericho Fire Department and was operated by defendant Plainview Fire Department at a fire drill which was held at its request and under its control under the direction of its chief and deputy chief and the assistant chief of defendant Hicksville Fire Department, militate, as a matter of law, against a finding that defendant Melville Fire Department can be held accountable for

the manner in which the device was used. On this record, plaintiffs have failed, after conducting examinations before trial, to submit any evidence to establish the existence of an alleged joint enterprise under which it could be found that defendant Melville Fire Department was given and retained any measure of control over the operation of the smoke-making device. To assume such control by its mere participation at the fire drill with eight other fire departments would be conjecture. Although summary judgment is infrequently granted in negligence actions, the Court of Appeals in *Andre v Pomeroy* (35 NY2d 361, 364) held: "But this does not mean that the court is obliged, on policy grounds, to ferret out speculative issues". Damiani, J. P., Lazer, Gibbons and Gulotta, JJ., concur.