◼ HERMAN FAIRBAIRN et al., as Parents and Natural Guardians of ALAN FAIRBAIRN, an Infant, Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 65848.) — Appeal from an interlocutory judgment in favor of claimants on the issue of liability, entered October 3, 1983, upon a decision of the Court of Claims (Hanifin, J.).

On June 18, 1977, claimants and their infant son were fishing at a pond in the Town of Middletown, Delaware County. The infant was severely burned when a canister he had found floating in the pond exploded while he was playing with it. The canister contained lithium aluminum hydride, a combustible chemical used to manufacture phencyclidine, a controlled substance (see Penal Law, § 220.00, subd 5; Public Health Law, § 3306, schedule I, subd [e], par [2]), and had been deposited at the pond by agents of the Federal Drug Enforcement Agency (DEA). These agents, with assistance from State Police troopers, had been involved in a drug investigation which culminated in arrests and the seizure of various drugs and related paraphernalia, including the canisters. Some canisters were destroyed by a local fire department and others were taken to the pond by DEA agents, who threw the canisters into the pond and then shot at them to ignite them. Apparently not all of the canisters were ignited, enabling claimant's infant to find one.

Claimants thereafter commenced this claim for negligence and the State denied liability. After a bifurcated trial, the Court of Claims concluded that, under a joint enterprise theory, the negligence of DEA agents in disposing of the canisters could be imputed to the State. Thus, the State was found to be liable in the amount of 35%. From the judgment entered thereon, the State appeals.

In concluding that the actions of DEA agents could be imputed to the State under a joint enterprise theory, the Court of Claims relied heavily on State Police documents which characterized the drug investigation as "joint". It is well recognized that a joint enterprise is an endeavor in which two or more persons unite to achieve a common purpose under such circumstances that each has express or implied authority to act for all with respect to the control of the means or agencies employed to

execute the plan; in such an enterprise, the negligence of one member may be imputed to the others (see 41 NY Jur, Negligence, § 78, pp 96-97). Essential to the finding of a joint enterprise is the equal right of each member to direct or control the others in respect to the joint enterprise (*id.*). Thus, the characterization placed upon an operation by a participant should not be dispositive and liability will not be imputed under a joint enterprise theory where the element of control is lacking (see, e.g., *Sannella v Nassau County Fire Comm.*, 87 AD2d 625; see, also, Prosser and Keeton, Torts [5th ed], § 72, pp 519-520).

In this case, the record indicates that DEA controlled the investigation while the State Police merely assisted by providing support and a base of operations as requested. For example, surveillance was provided by the State Police upon request by DEA agents. An informant contacted DEA agents, not State Police troopers. Arrests were made and evidence was seized by DEA agents. The prisoners were processed in State facilities upon DEA request and a DEA chemist was in charge of the drugs seized. It is further clear from the record that while DEA agents made many requests of the State Police, such as those described above, the State Police did not make any similar requests of DEA agents. With these facts prevailing, it is evident that the State Police had no control in this particular investigation, which, therefore, cannot be characterized as a joint enterprise. That the State Police might have characterized the investigation as "joint" is of no moment in light of the true nature of the investigation as revealed by the above facts. Thus, the finding of the Court of Claims is against the weight of the evidence and contrary to the law and, under such circumstances, reversal is required (see *Merrill Transp. Co. v State of New York*, 97 AD2d 921). Accordingly, we reverse and dismiss the claim. This disposition renders it unnecessary to consider the other points addressed by the parties.

Judgment reversed, on the law and the facts, without costs, and claim dismissed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.