■ JEFFREY SUTTON, Appellant, v JAMES KOLOMIYETS, Respondent, et al., Defendants. [722 NYS2d 54] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County (Ponterio, J.), entered May 23, 2000, as, upon a jury verdict, dismissed the complaint insofar as asserted against the defendant James Kolomiyets.

Ordered that the judgment is reversed insofar as appealed from, on the law, a new trial is granted against the defendant James Kolomiyets, with costs to abide the event, and the action against the remaining defendants is severed.

The plaintiff was allegedly injured when a car he was repairing fell off a steel ramp and landed on him. The plaintiff commenced the instant action against, among others, the defendant James Kolomiyets, alleging that he was negligent in causing the car to fall on him. After the jury determined, in ef-

fect, that the plaintiff and Kolomiyets were engaged in a joint enterprise in repairing the car, the Supreme Court, *inter alia*, dismissed the complaint. We reverse.

Even if the parties were engaged in a joint enterprise, it was error to dismiss the complaint on that basis. The doctrine of joint enterprise, wherein the negligence of one member may be imputed to the others (*see, Fairbairn v State of New York,* 107 AD2d 864, *affd* 66 NY2d 620) has no application as between the joint venturers themselves where one sues the other as the actual wrongdoer (*see, Smith v Clute,* 277 NY 407; *Verdino v Hayes,* 10 AD2d 978; *Mencher v Goldstein,* 240 App Div 290). Since the Supreme Court dismissed the complaint insofar as asserted against Kolomiyets solely on the basis of the doctrine of joint enterprise, a new trial is granted against him. Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.