■ FREDERICK F. STEVENS et al., Appellants, v. ROBERT E. CLARK, an Infant, by BERNARD McARDLE, His Guardian ad Litem, Respondent.— Appeal from a judgment of the Supreme Court, Albany County, in favor of the defendant-respondent, entered upon a verdict of no cause of action, and from an order denying the motion of the plaintiffs-appellants to set aside the verdict. The plaintiffs were driving westerly along Route 9 toward its intersection with Route 4. The plaintiff Beatrice B. Stevens was the owner of the automobile

and her husband, the plaintiff Frederick F. Stevens, was operating the automobile. The defendant was driving in an easterly direction on Route 9. A collision occurred when the defendant made a left turn in front of the plaintiffs' automobile at the intersection, in order to go north on Route 4. The traffic light at the intersection was green for east and west traffic at the time of the accident. The defendant maintained that he did not see the plaintiffs' automobile until the instant of collision, although he admitted that he had an unobstructed view for 500 feet ahead on Route 9. The plaintiffs' testimony was to the effect that the defendant made a sudden left turn when his automobile was only about 25 feet from their automobile and that it was then too late to stop. We do not believe that, under these circumstances, the jury's verdict of no cause of action can be allowed to stand. The defendant was clearly guilty of negligence; the plaintiffs' automobile must have been visible to him long before the time of the collision and the only reasonable inference, under the circumstances, is that the defendant tried to beat the plaintiffs across the intersection, by making a left turn when the plaintiffs' automobile was already at the intersection. It was the defendant's duty to yield the right of way to the plaintiffs (Vehicle and Traffic Law, § 82, subd. 8) and not to undertake to make a left turn until it appeared to be reasonably safe to do so. The question of the plaintiffs' contributory negligence (the plaintiff wife being chargeable with the negligence of her husband by reason of the fact that she was the owner of the car and in control of it, *Gochee* v. *Wagner*, 257 N. Y. 344) presented a question of fact, but we believe that the verdict against the plaintiffs on that question was contrary to the weight of the evidence. Even though the defendant's car was plainly visible to the plaintiffs as they approached the intersection, they had the right to assume that a car coming in the opposite direction would not make a sudden left turn in front of them. Judgment and order appealed from reversed on the law and the facts and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.