Steuer,, J. P.
(dissenting). Plaintiff, at the time of the collision, was driving her automobile on Bruckner Boulevard. The record is confusing as to her direction because she claims she was driving north, though at that point the highway runs east-west. In any event, she stopped for a red light at White Plains Road. When the light turned green, she turned left into the intersection and proceeded across the opposite lane of Bruckner *465 Boulevard. Her car was struck by defendant’s automobile which was one of several cars that had been proceeding on Bruckner Boulevard in the direction opposite to that in which plaintiff had been going and which had stopped for the same light that stopped her.
There is no apparent disagreement with the proposition that it is negligence per se to make a turn across the path of oncoming traffic on a highly travelled roadway contrary to the sanction of the traffic lights (Stevens v. Clark, 2 AD 2d 791). The majority of the court finds that it is implicit in the finding of the jury that plaintiff did not do this. This conclusion is based on plaintiff’s testimony that the traffic lights controlling the “uptown” traffic lights turn green an appreciable period of time before the “ downtown ” lights change and it was during this interval that she was struck. This extraordinary condition of affairs which appears to be confined, according to plaintiff’s testimony, to this particular intersection on Bruckner Boulevard has no confirmation outside her testimony. The records of the Police Department belie its existence. According to their records the lights at this intersection are no different from those at others and they turn green and red for traffic in both directions simultaneously.
Jury verdicts are entitled to respect but that is not to say that they have a sacrosanct character. It has always been the law that an impression from an interested witness cannot prevail against positive testimony, even though the jury prefers to accredit the former. To abandon that principle is to make injury and not fault the criterion of recovery. It may well be that such should be the law. But if it is, it would be best to proclaim it instead of hiding behind the fetish of the inviolability of jury findings. The holdings of the past few years have had their fruition in the unmanageable increase in tort jury claims. The Bar and the public have been encouraged by example in the belief that no claim is so far fetched that it will not result in damages if a jury can be found to indorse it. And by the judicious use of the peremptory challenge such a jury is not too difficult to find. The breakdown of the entire system is postponed by having the judiciary devote a considerable, if not the major portion of their time to acting as insurance adjusters. And the wholesale disposition of claims by settlement without serious regard to liability is hailed as a judicial accomplishment.
By allowing recovery in a case such as this, the goal of injury as the sole qualification for damages is brought nearer with the obvious consequence that the courts will be relieved of disposi *466 tion of such cases. Unless that is the desired end, the only-proper outcome is to reverse and dismiss the complaint and I so vote.
Aurelio, J., concurs with Hofstadter, J.; Steuer, J. P., dissents in opinion.
Judgment affirmed, etc.