Goldman v. Abrahams.

---

REBECCA GOLDMAN, Respondent, *against* ISIDORE ABRAHAMS, Impleaded, etc., Appellant.

(Decided April 5th, 1880.)

In order to recover upon a new promise to pay a debt discharged in bankruptcy, where the promise is conditional, proof of the fulfillment of the condition must be given.

In excepting to a charge to the jury, counsel need not state the grounds of exception. A simple exception to such propositions as may be deemed erroneous raises the questions of law in proper form.

APPEAL from an order of the general term of the marine court of the city of New York, affirming a judgment of that court entered upon the verdict of a jury.

This was an action upon a promissory note. The defense

was a discharge in bankruptcy. The reply was that a new promise had been made.

The evidence in respect to the new promise was as follows, the plaintiff being the witness:

Q. What did Mr. Abrahams say in regard to the note subsequently at your house?

A. He promised to pay me.

Q. What did he say?

A. He said that he would pay me, and that there would not be two cents paid less than the note called for.

And in another place:

Q. How long since the conversation took place of which you have last spoken?  .

A. Last January.

Q. State it?

A. He said he would pay me that as quickly as he could. And again the witness testified that the defendant said the same thing in February.

Upon the plaintiff resting his case the defendant moved to dismiss the complaint, upon the ground that the promise proved was conditional, and that the plaintiff was bound to prove that the condition had been fulfilled; and, that motion being denied, the defendant, being put upon the stand, denied having made a promise of any kind to pay the note. The learned judge, in charging the jury, said that if they concluded that there had been a promise made by the defendant to pay this note since the discharge in bankruptcy, the defendant would be liable, to which the defendant duly excepted. The jury found for the plaintiff, and judgment for plaintiff was entered on their verdict. From the judgment the defendant appealed to the general term, which affirmed the judgment; and from the decision of the general term the defendant appealed to this court.

*Samuel J. Crooks,* for appellant.

*Morris Goodhart,* for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—The ground upon which the appellant claims that the learned judge erred in his charge, is that the jury were substantially instructed that if they found from the evidence that the defendant had made any kind of a promise, conditional or otherwise, the plaintiff was entitled to recover. That such is the fair import of the language used seems to be apparent, and it is also equally true that such a proposition would be erroneous. If the promise was conditional, proof of the fulfillment of the condition must be given before a recovery can be had (*Ingersoll* v. *Rhoades*, Hill & Denio Supp. 371); and the only question to be considered is whether the exception taken is sufficient to raise the question.

I am of the opinion that it is.

The proposition of the charge, in view of the evidence, was erroneous, and to that erroneous proposition an exception is taken. In an exception to a charge counsel are not bound to state the grounds of their exception. They are simply called upon to except to such propositions as they deem erroneous, and this raises the question of law in a proper form.

It is impossible, in this case, to determine whether the jury found that an absolute promise had been made, or simply a conditional one, as there was evidence in support of either in the case, and by the charge they were substantially told, even if they found that the promise was conditional, that a recovery could be had. This would give them an entirely erroneous view of the law applicable to the case before them, to the injury of the defendant.

I think, therefore, that the judgment must be reversed, and a new trial ordered, costs to abide event.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed, and new trial ordered, with costs to abide event.