IRA E. BULSON, an Infant under the Age of Fourteen Years, by LEONARD E. BULSON, His Guardian ad Litem, Appellant, *v.* J. HARRY LEAR, Respondent.

LEONARD E. BULSON, Appellant, *v.* J. HARRY LEAR, Respondent.

Third Department, January 17, 1928.

Motor vehicles — injuries to pedestrians — infant plaintiff was injured by running into side of defendant's automobile — testimony by plaintiff was to effect that infant looked before crossing street — other testimony tended to show infant's view was obstructed and that speed of defendant's car was excessive — error to charge that infant plaintiff was guilty of contributory negligence as matter of law if he looked toward approaching automobile and did not see it — court should have taken into consideration traffic conditions — contributory negligence was question of fact — general exception to charge was sufficient.

The infant plaintiff was injured when he ran into the side of defendant's automobile while he was crossing a public street. Plaintiff's testimony tended to show that the infant looked in the direction from which defendant's automobile was approaching before he crossed, and that he did not see the automobile and then started to cross the street, but did not again look in that direction. Other evidence was to the effect that the infant's view was obstructed by other automobiles and by a trolley car, and that the defendant was traveling at a high rate of speed and did not give the necessary warning for street intersections.

It was error for the court to charge that the infant was guilty of contributory negligence, as a matter of law, if he looked in the direction in which defendant's automobile was approaching and did not see it. The court should have taken into consideration the condition of the traffic and the speed of defendant's automobile, and whether or not the location was such that a reasonably careful and prudent boy of his age would have been justified in believing that there was time to cross the street safely. The question of contributory negligence was, under the facts proven, for the jury to determine.

A general exception to the charge was sufficient, since the charge related to a single proposition, namely, that the infant plaintiff was guilty of contributory negligence as a matter of law under the facts specified in the charge. It was not necessary for the plaintiff's attorney to point out to the court why the charge was erroneous.

APPEAL in each of the above-entitled actions by the plaintiff from a judgment and an order of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 7th day of April, 1927.

*Taylor & Taylor* [*Donald S. Taylor* of counsel], for the appellants.

*Thomas J. P. Cauley* [*John W. MacDonald* of counsel], for the respondent.

WHITMYER, J. In crossing from the westerly to the easterly side of River street, at its intersection with Douw street, Troy, N. Y., on his way to school on May 3, 1926, at about twelve-forty-five P. M., Ira E. Bulson, then eleven years old, collided with the left front side of defendant's automobile, which defendant was driving northerly on River street, and was injured. Claiming that his injuries were caused solely by the negligence of defendant, he is seeking damages and his father is seeking to recover the hospital and medical expenses incurred by him. The intersection is thirty-five feet, seven inches on River street and twenty-five feet, six inches on Douw street. The boy testified that he looked southerly, before he stepped from the curb, at the westerly end of the southerly crosswalk, from which place he said he could see as far as the curve on River street, about half a block southerly from the intersection, another witness said seventy-five or one hundred feet, and then, not seeing an automobile coming northerly, that he walked across on that crosswalk. He did not look again and did not see the automobile until he collided with it and defendant did not see him until that time. A truck, from which the boy had alighted, was a few feet southerly from the walk. A witness, in a shoe-shining place on the northwest corner of the intersection, saw defendant's automobile coming, when it was about fifty feet southerly from the truck, and saw another automobile pass it on the left, when about thirty or forty feet southerly from the intersection. And defendant said that a trolley car was ahead of him. Where the boy was at that time does not appear. There was evidence that defendant was driving very fast. His speed and whether or not he sounded the horn were disputed questions. The verdict was for no cause of action in each case. The claim is that there was error in the charge. Upon defendant's request, the court charged that the boy was guilty of contributory negligence as matter of law, if he looked to the south and could have seen defendant's automobile approaching, but did not see it and proceeded to cross, and added that the boy must have seen it, if it was in the seventy-five feet from the south line of Douw street to the

curve, at the time he was on the corner. Thereupon, upon defendant's request, the court charged to the same effect and said " if it was there and he did not see it, then crossing in front of it would be negligence," and plaintiff's attorney excepted, whereupon the court asked him to state his views of the law, so that he could give same to the jury, and the attorney said that it depended upon the age of the boy, to which the court replied that he had covered that. No exception was taken to that. The charge of the requests was error. The court had charged generally as to the bearing of the boy's age upon the question of his negligence, but had not taken into consideration the factors of the location of the automobile when the boy stood on the curb, just before he crossed, the condition of the traffic in connection with possible interference with his view, the speed of the automobile in connection with its location, and whether or not the location was such that a reasonably careful and prudent boy of his age would reasonably have been justified in believing that there was sufficient time to cross safely. And the charge upon the requests did not take these matters into consideration. Clearly the question of contributory negligence was one of fact. And the question remains whether or not the failure to state these matters to the court constituted a waiver of the exception and an acquiescence in the proposition of law, as laid down. I think not. There could have been no doubt as to what the exception was aimed at. The charge, so far as excepted to, related to a single proposition, namely, what would constitute contributory negligence, as matter of law, on the boy's part. (*McGinley* v. *U. S. Life Ins. Co.*, 77 N. Y. 495; *People ex rel. Dailey* v. *Livingston*, 79 id. 279, 292; *Brozek* v. *Steinway R. Co.*, 161 id. 63, 65; *Michael* v. *New York, Chicago & St. Louis R. R. Co.*, 203 App. Div. 24, 25.) And it was unnecessary to state the reasons for the exception. (*Davenport* v. *Prentice*, 126 App. Div. 451, 456; *Requa* v. *Holmes*, 16 N. Y. 193, 202; *Goldman* v. *Abrahams*, 9 Daly, 223; *Freund* v. *Paten*, 10 Abb. N. C. 311, 316.) It related to a vital question and the result may have been prejudicial.

Accordingly, the judgments and orders should be reversed and a new trial should be granted, with one bill of costs to appellants to abide the event.

COCHRANE, P. J., VAN KIRK, HINMAN and DAVIS, JJ., concur.

Judgments and orders reversed on the law and facts and new trial granted, with one bill of costs to the appellants to abide the event.