HAZEN A. GOCHEE, Respondent, *v.* JOHN A. WAGNER, Appellant.

(Argued October 6, 1931; decided November 17, 1931.)

*George R. Fearon, Henry R. Follett* and *Edward A. Wolff* for appellant. The negligence of the driver of respondent's car was imputable to him and is a bar to his recovery in this action. (*Swartout* v. *Van Auken*, 132 Misc. Rep. 89; 227 App. Div. 644; *Shuler* v. *Whitmore*, 246 N. Y. Supp. 528; *Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Secured Finance Co.* v. *C., R. I. & P. R. R. Co.*, 207 Iowa, 1105.) Irrespective of section 59 of the Vehicle and Traffic Law, the respondent cannot recover because the common-law relationship of master and servant existed between him and his wife at the time of the accident (*Orlando* v. *Pioneer Supply Co.*, 239 N. Y. 342; *Nalli* v *Peters*, 241 N. Y. 177.)

*James T. Cross* for respondent. The negligence of the driver of respondent's car is not a bar to his recovery in this action. (*Atwater* v. *Lober*, 233 N. Y. Supp. 309; *Matter of Andersen*, 91 App. Div. 563; *Town of Hempstead* v. *City of New York*, 52 App. Div. 182; *Smith* v. *Boston & Albany R. R. Co.*, 99 App. Div. 94; *Woollcott* v. *Shubert*, 217 N. Y. 212.) The object of section 59 of the Vehicle and Traffic Law was to extend liability and not to restrict it. (*Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 257; *McKay* v. *Syracuse R. T. Ry. Co.*, 208 N. Y. 359.)

HUBBS, J. The respondent was the owner of an automobile which he permitted his wife to use in going to and from her work in the city of Rome. His home was a few miles outside of the city. On the night of June 7th, 1930, the respondent was at his father's home, about a half mile nearer the city than his own residence. That evening his wife drove his Willys-Knight car to the city to get her mother and on the way home she stopped at respondent's father's house and respondent got into the car and sat on the rear seat intending to ride to his home. His wife was driving the car and her mother sat on the

front seat with her. On the way home an accident occurred in which respondent was injured and his car damaged. This action is to recover the damages for such personal injury and damages to his car.

The learned trial justice submitted questions in writing for the jury to answer. The following was the first question submitted: "Was Emma Gochee, the wife of plaintiff, guilty of negligence in the manner in which she drove plaintiff's car, which caused or contributed to the accident?" The answer was "Yes." In answer to other questions the jury found that the respondent was not negligent but that the defendant was. The jury fixed the amount of damages and judgment was entered therefor. The sole question for determination is: Was the negligence of Emma Gochee, respondent's wife, and driver of the car at the time of the accident, imputable to respondent and did it bar a recovery in this action?

Prior to the enactment of section 282-e of the Highway Law (1924; Cons. Laws, ch. 25) the law in this jurisdiction was firmly established that the owner of a vehicle was not liable for negligent injury caused in its operation by another unless at the time it was being used on his business. (*Rolfe* v. *Hewett,* 227 N. Y. 486.)

The owner was not liable for the negligence of a person to whom he had loaned his car, whether a member of his family or a stranger, while the car was being used upon the business or pleasure of the borrower: (*Potts* v. *Pardee,* 220 N. Y. 431.)

It was to change this well-established rule that the Legislature enacted section 282-e, now section 59, of the Vehicle and Traffic Law (Cons. Laws, ch. 71), for the purpose of making the owner liable for the negligence of a person legally operating the car with the permission, express or implied, of the owner. Section 59 reads in part: "Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negli-

gence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

One who borrows a car of the owner for his own use is a gratuitous (*commodatum*) bailee. He is not an agent of the owner. He uses the car for his own business or pleasure, and not for any purpose in which the owner is interested. Neither is he a servant of the owner. He is not subject to his direction or control. True it is that, in discussing the effect of section 282-e, it has been said that the borrower occupies the relation of a servant or agent of the owner and that the owner's liability in case of an injury incurred by the borrower's negligence is the same as it would have been if caused by an agent or servant acting in the owner's business within the scope of his employment. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388.)

Such expressions indicate the nature and extent of the liability but not the basis or principle upon which the liability is predicated. The statute created a liability where none existed before its enactment. The liability of the owner of a car for the negligence of one to whom he has loaned it rests solely upon the statute; it is a statutory liability. The statute has created a liability where none existed at common law. If the respondent had not been present in the car at the time of the accident, and his wife, lawfully driving it, had negligently injured another without fault on his part, the respondent would have been liable for such injury under the provisions of the statute. Concededly, the wife was a mere gratuitous bailee of the car having the privilege of driving it in the absence of respondent.

If the respondent and his wife had left home together in the car, and an accident had happened through her negligence while driving, no one could seriously contend that he could recover for personal injuries or for damage

to the car from the owner or driver of another car whose negligence had contributed to the accident.

We have reached the conclusion that the same rule applies under the facts in this case. When the respondent entered the car, he regained dominion over it and the rule applicable under the statute in the absence of the owner ceased to apply. It was respondent's car, he was present and had the legal right to control its operation, and the negligent conduct of the driver was imputable to him. The mere fact that he chose to sit on the rear seat and refrained from directing its operation did not change his rights or limit his liability.

If the driver had negligently injured another, without fault on the part of the person injured, respondent would have been liable under the common law for the car would have been operated in his presence and under his authority and control. The negligence of the driver should be imputed to the owner when present in the car, where the owner seeks to recover from the other negligent party for damages to his person or car.

The statute does not affect the common-law liability of an owner present and in control of his car. Neither does it have the effect of making more favorable his position under like circumstances when he sues to recover damages for personal injuries or injury to his car. In either situation, the common-law rule applies and the negligence of the driver of his car is imputable to him.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.