DORA WEBB, Plaintiff, *v.* ELMIRA WATER, LIGHT AND RAILROAD COMPANY, INC., and Another, Defendants.

Supreme Court, Chemung County, August 8, 1932.

*Levi Ginsburg*, for the plaintiff.

*Edwin J. Carpenter*, for the defendant Echnoz.

PERSONIUS, J. The plaintiff was a passenger in her own automobile which was being driven by the defendant Earl Echnoz, with her consent. It collided with a street car owned and operated by the other defendant. The plaintiff was injured and sues to recover damages, alleging that both defendants were negligent.

The defendant Earl Echnoz argues that if he was negligent, his negligence is imputed to the plaintiff and defeats her action. He cites *Gochee* v. *Wagner* (257 N. Y. 344), but that was an action between the owner-occupant of an automobile (driven by his wife) *and a third party*. This is an action directly between the owner-occupant and the driver based upon the latter's alleged negligence. The negligence of a bailee was not imputed to the bailor at common law (*Gochee* v. *Wagner, supra; Fischer* v. *International Ry. Co.*, 112 Misc. 212). Section 59 of the Vehicle and Traffic Law makes an owner liable *to a third party* for the negligence of a bailee of the car and, under *Gochee* v. *Wagner* (*supra*), the negligence of such bailee is imputed to the owner in an action by the latter *against a third party*, if the owner was in the car. This is not true in an action between the owner and his bailee-driver.

In actions involving master and servant, persons engaged in a joint enterprise, partners and the like, the negligence of a driver may be imputed to his master, to his partner, or to another person engaged with the driver in a joint enterprise, *in an action by or*

*against a third party.* (*Stroher* v. *Elting*, 97 N. Y. 102, 105.) This rule of imputed negligence does not, however, apply in an action by a master against his servant, by one partner against another, or by one person engaged in a joint or common enterprise against an associate. True, none of these relationships exist between the plaintiff and the defendant Echnoz, but we think there is such similarity of relationship as to require the application of the same principle. In *Wilmes* v. *Fournier* (111 Misc. 9) the court said: " No case has been cited by counsel in which one person, concededly engaged in a common enterprise, has sought to maintain an action against one of his associates. The fact whether there is a joint enterprise is one of importance in the class of cases cited, *when the action is against a third person;* but *as between themselves,* I know of no rule of law that throws a mantle of protection over the tortuous acts of an associate in a joint enterprise or in a partnership."

Undoubtedly in an action by an owner (who was an occupant of his own car while it is being driven by another) against a third party, or in an action by a third party against any owner, the negligence of the driver, driving with the owner's consent, is imputed to the owner. Such negligence may be the basis of recovery by the third party against the owner or it may constitute contributory negligence and defeat recovery by the owner against a third party. (Vehicle and Traffic Law, § 59; *Gochee* v. *Wagner, supra.*) There is, however, no such imputation of the negligence of the driver to the owner-passenger in an action by the latter against the former. In the present case, the negligence, if any, of the defendant Earl Echnoz, may be imputed to the plaintiff as a defense to her action against the railroad company but it is not so imputed as to defeat her action against the defendant Earl Echnoz.

We are not unmindful of the language of said section 59. It says: " Every owner * * * shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle * * * by any person * * * operating the same with the permission, * * * of such owner." The section does not, in express language, except injuries to the person or property of the owner. Taking the section literally, it might be argued that under the section the owner becomes liable for injuries to himself or his property, and, further, that if the owner is so liable he cannot recover from the driver though the damage was due to the actual negligence of the driver. Could the Legislature have so intended? To aid in the construction of a statute, we look to the evil which the statute sought to remedy. Formerly an owner of a motor vehicle was not liable to a third person for the negligence of a borrower while using it. " Doubtless

the Legislature, in enacting the section, chiefly had in mind as a mischief to be cured, the remediless plight of a highway traveler injured by a motor vehicle * * * through the recklessness of an irresponsible driver to whom the owner had intrusted the vehicle." (*Cohen* v. *Neustadter*, 247 N. Y. 207, 210.) The inability of a third party to recover of the owner was the mischief to be cured. Section 59 " changed this rule so that an owner should be held responsible to third parties for the negligence of a driver under such circumstances. In *Plaumbo* v. *Ryan* (213 App. Div. 517) the *purpose* of the statute is stated to be to ' prevent an owner from escaping liability by saying that his car was being used without authority or not in his business.' " (*Gochee* v. *Wagner*, 232 App. Div. 401, 403.) The statute was intended to prevent the *escape* of the owner from liability to a third person, not to defeat a *claim* of the owner against his driver, or, in other words, to remove the liability of the driver. " *While the statute is remedial, it is remedial solely in favor of an injured third person.*" (*Gochee* v. *Wagner*, 232 App. Div. 401, 403.)

Submit order denying motion, with costs to abide the event.