NELLIE E. McCARTHY, as Administratrix, etc., of JOHN V. McCARTHY, Deceased, Respondent, Appellant, *v.* WALSH CONSTRUCTION COMPANY, Appellant, and LESTER I. LINCOLN, Respondent.

PER CURIAM. Decedent having been the owner and defendant Lincoln the driver of the automobile which collided with the road barrier and steam roller, any causative negligence in defendant Lincoln is beyond question attributable to decedent and would defeat plaintiff's action as against the appellant Walsh Construction Company. (*Gochee* v. *Wagner*, 257 N. Y. 344.) The only specification of negligence as to the appellant which by concession of appellant's counsel upon the argument survives in this court is a failure by the construction company to indicate the presence of the road obstruction by " necessary lights which shall be visible to any one approaching such obstruction from one hour after sunset to one hour before sunrise." (Highway Law, § 77.) We have reached the conclusion that the findings (1) that appellant Walsh Construction Company was causatively negligent in not having necessary lights upon this barrier at the time Lincoln ran against it, and (2) that defendant Lincoln was free from causative negligence himself were against the weight of the evidence. All concur. Judgments and orders reversed on the facts and a new trial granted, with costs to the appellants severally to abide the event.

MARY AUGEROT, Respondent, *v.* EDWARD BUZZELLI and Others, Appellants.

PER CURIAM. We find insufficient proof that the goitre resulted from the mishap. That physical condition was an important element in the case in view of the size of the verdict. Furthermore, the learned trial court erroneously declined to charge that the testimony of Dr. Dodge was not sufficient in and of itself to indicate by inference that the accident in question caused the goitre. All concur. Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.