SAMUEL ADLER, INC., Respondent, v. HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Appellant.— Appeal from a judgment of the Albany County Court, entered in the Albany county clerk's office on the 25th day of October, 1939, in favor of the plaintiff and against the defendant for the sum of $363.10. The respondents are milk dealers and paid $250 to the appellant with the application for a milk dealer's license. [See, also, preceding case.] This application was finally denied and the recovery here is for a refund of the license fee which accompanied the application. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

ANTANITA COLGAN, Appellant, v. MARY BATTISTA and CATHERINE SHANAHAN, Respondents.— Plaintiff was proceeding northerly on Roosevelt avenue in the city of Binghamton; defendant, easterly on Baird avenue. Plaintiff was approaching the intersection of these streets from defendant's right and had the right of way. The physical surroundings indicate that plaintiff was in the intersection when struck by the defendant. We do not consider that the case involves the doctrine discussed in Gochee v. Wagner (257 N. Y. 344). The judgment of the County Court should be reversed and that of the City Court reinstated. Judgment of the County Court reversed on the law and facts, and judgment of the City Court of the City of Binghamton reinstated and affirmed, with costs to the appellant in all courts. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.

In the Matter of the Application of EMILIO SOSTI, Doing Business under the Firm Name and Style of Seneca Hotel, 634 W. Seneca Street Ithaca, New York, Petitioner, against HENRY E. BRUCKMAN and Others, Commissioners, Constituting the State Liquor Authority of the State of New York, Respondents.— This is a proceeding brought pursuant to article 78 of the Civil Practice Act to review the action of the State Liquor Authority suspending the petitioner's hotel liquor license for a period of two days. On November 21, 1939, an investigator of respondents visited the premises of petitioner and in his report stated that the taps on petitioner's bar " showed that Dotterwyck, Tom O'Shanter, Irish Cream and Ballantine were on tap " and that in the cellar of petitioner's premises he " found the following barrels on tap: Stegmaiers, Genesee, Tom O'Shanter and Dotterwyck." Thereafter respondent issued a revocation hearing order containing the following charge against the petitioner: " Viol. Sec. 106, Sub. 4A of the ABC Law, in that he [petitioner] sold beer at a bar or counter, the beer taps of which bar did not have affixed thereto a sign setting forth the name of the brewer." A young man was in charge and when the investigator returned from the cellar the man in charge was changing the taps at the bar. The investigator did not buy any beer or see any sold. There is no evidence supporting the order of revocation herein. The determination of the State Liquor Authority should be annulled. Determination of the State Liquor Authority suspending the petitioner's license annulled, on the law and facts, with fifty dollars costs to the petitioner. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.