RUTH L. WILLIS, Appellant, *v.* FITZGERALD BROS. BREWING CO., Respondent.

Third Department, March 5, 1941.

*David Rosenfeld,* for the appellant.

*Grant, Clark & Fox* [*Robert T. Hawthorne* of counsel], for the respondent.

SCHENCK, J. Plaintiff was injured when the automobile owned by her and operated by her husband was in collision with another automobile upon a public highway in the State of Vermont. The action was brought against defendant on the theory that plaintiff's husband was engaged in the business of the defendant at the time of the accident. Defendant interposed affirmative defenses (1) of common-law attribution of operator's negligence to owner-occupant of an automobile, and (2) of the Vermont guest statute, which provides as follows: " The owner or operator of a motor vehicle shall not be liable in damages for injuries received by any occupant of the same occasioned by reason of the operation of such vehicle unless such owner or operator has received or contracted to receive pay for the carriage of such occupant or unless such injuries are caused by the gross or wilful negligence of the operator."

The Special Term denied motions to strike out the two defenses, and this appeal is from the order denying such motions.

The problem presented is novel in that both parties must necessarily adopt inconsistent positions to maintain their arguments for and against the two affirmative defenses in question. That fact,

however, is not of itself sufficient to warrant the striking out of either or both of the defenses. (*Carter, Macy Co., Inc., v. Matthews,* 220 App. Div. 679.) Accordingly, the defenses may be considered separately upon their own merits. I am of the opinion that both defenses were properly interposed and that the order appealed from denying plaintiff's motions should be affirmed.

In regard to the motion directed to the owner-occupant defense, it should first be pointed out that the complaint does not show that the plaintiff was the owner of the car in question. That is a fact which the defendant was entitled to allege affirmatively in its answer in order to make available the defense of the owner-occupant common-law rule. Having made this allegation it was proper for the defendant to claim the protection of that rule. Upon the trial, proof might show that the car had been leased to defendant or was in some other manner subject to its control. Until the introduction of such evidence, however, defendant is entitled to show facts giving rise to the owner-occupant situation. The action here is against a third party unless plaintiff can show that her husband was merely defendant's agent, and the rule is clear that in such a case the contributing negligence of the operator is attributable to the owner-occupant of the car. (*Gochee v. Wagner,* 257 N. Y. 344.) Defendant was entitled to raise this defense, accordingly, and plaintiff is put to her proof to show that she did not have control of the operation of the automobile but rather that it was subject to defendant's control.

The second defense, that given by section 5113 of the Public Laws of Vermont (quoted above) is inconsistent with the theory of the first defense, because while the first defense is based on the claim that plaintiff was in control of the automobile as owner-occupant, the second necessarily alleges that defendant had control and plaintiff was a guest. The inconsistency, however, is immaterial. If the plaintiff is able to establish control in the defendant, as by lease or agreement, then the first defense might well fall, and the defendant would be put to the necessity of establishing protection under the Vermont statute second defense. Hence, it has a right to so plead. The plaintiff has brought an action which subjects defendant to possible liability on either of two theories. Defendant must be permitted to avail itself of all legal defenses to both attacks. Defendant cannot be penalized for setting up the inconsistent defenses any more than the plaintiff should be, for placing it in the dilemma of choosing its defense under these circumstances.

The order should be affirmed.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Order affirmed, with ten dollars costs.