JEAN M. URQUHART, as Limited Administratrix of the Estate of SAMUEL E. URQUHART, Deceased, Plaintiff, *v.* JOSEPH E. McEVOY, Defendant.

Supreme Court, Special Term, Monroe County, April 18, 1953.

*Fix & MacCameron* for defendant.

*Lamb, Webster & Jordan* for plaintiff.

GILBERT, J. This action is brought by plaintiff to recover damages for the death of her husband caused by an accident while the decedent was riding in an automobile owned by him but alleged to have been operated at the time of the accident by the defendant. The action is based on the alleged negligence of the defendant operator in causing the said automobile to leave the highway, overturn, and cause the death of decedent.

The motion of the defendant to dismiss the complaint is based on the proposition that the negligence, if any, of the defendant operator is imputed to the decedent, owner of the vehicle, he being present in the car. The defendant relies on section 59 of the Vehicle and Traffic Law and the decision in *Gochee* v. *Wagner* (257 N. Y. 344) to support his motion.

That section 59 of the Vehicle and Traffic Law and the decision of the Court of Appeals in *Gochee* v. *Wagner* (*supra*) only apply in actions by the owner of the car against third parties has been directly held in *Webb* v. *Elmira Water, Light & R. R. Co.* (144 Misc. 506). This case has been cited with approval in *Mencher* v. *Goldstein* (240 App. Div. 290), a case dealing with joint adventurers, and *Ottmann* v. *Village of Rockville Centre* (275 N. Y. 270) a case where the defenses of joint enterprise involving a governmental duty and the assumption of risk doctrine were raised.

The question here involved was directly passed upon in the action of *Smalt* v. *Rider,* in an opinion by Justice WHEELER, not reported, an action arising in Steuben County.

Section 59 of the Vehicle and Traffic Law was passed to establish liability where none before existed, not to limit an existing liability. It fixes liability on an absentee owner where his car is being operated by another with his consent even though not in his business. No statute was necessary to establish the

liability of an owner present in the car, as the common-law rule then applied. (*Gochee* v. *Wagner, supra.*)

The common-law rule established the liability of the principal or master for the acts of his agent or servant within the scope of his employment. Of necessity it comprehends only a liability to third parties. ‖It requires no citation to support the proposition that the servant is liable to his master and the agent to his principal for his own tort.‖ The enactment of section 59 of the Vehicle and Traffic Law was not intended to defeat or limit this liability.

Just what relationship existed in this case between the decedent owner and the defendant driver does not appear, whether principal and agent, master and servant, coadventurers, or some other. The motion is based solely on the proposition that the negligence of the driver is imputed to the owner present in the car. As hereinabove demonstrated, the fact of decedent's presence, standing alone, does not defeat this action.

The motion to require the plaintiff to post security for costs is based solely on the summons and complaint. Section 1523 of the Civil Practice Act empowers the court, in its discretion, to require security. There is nothing before the court, other than the complaint, on which the court can exercise discretion. Under these circumstances, this motion should be denied.

An order may be entered denying both motions, with $10 costs of one motion.