Robert O. Brink, J.
This is a motion under 3025 of the CPLB in which the plaintiffs move to amend their complaint by the addition of a paragraph alleging negligence against the defendant, absentee owner, Valley Motors, Inc., in permitting the defendant, driver, to operate its automobile after notice of the fact that the defendant driver was incompetent and unfit to operate said automobile.
*332 The question before this court is whether an owner maybe held liable exclusively under section 388 of the Vehicle and Traffic Law, or whether, in the absence of consent on the part of the owner rendering that section inapplicable, the owner may still be held liable for negligence in furnishing the car to a known incompetent driver.
No case in New York has been cited to the court which directly answers the above question. A note written in 163 A. L. R. 1418, indicates at page 1424 that the precise question has not been answered in this jurisdiction.
There are New York cases which indicate that liability is possible against the owner apart from section 388, or its predecessor, section 59 of the Vehicle and Traffic Law, but these cases have usually involved situations where the car was driven with the owner’s permission and consent. (Hogan v. Comac Sales., 245 App. Div. 216, affd. 271 N. Y. 562; Devitt v. Continental Cas. Co., 245 App. Div. 115, revd. on other grounds 269 N. Y. 474; see cases 163 A. L. R. 1424, footnote 9.)
It is clear that at common law, prior to the enactment of former section 59, the owner of a car could be held liable for his own negligence resulting from the entrusting of a vehicle to a known incompetent. (La Rosa v. Shaughnessy Ice Co., 197 App. Div. 821.)
The liability was predicated on the theory that although an automobile is not, per se, a dangerous instrument, it may become such in the hands of a person physically incompetent to handle it. (Golembe v. Blumberg, 262 App. Div. 759.) The question is whether the present section 388 of the Vehicle and Traffic Law changes the common-law rule.
The Court of Appeals of New York has held that the above statute created a liability where none existed before its enactment. The liability under the act is statutory in nature and rests wholly on the statute. (Cochea v. Wagner, 257 N. Y. 344, 347.) It has been held that former section 59 was passed to establish liability where none existed at common law, and not to limit an existing liability. (Urquhart v. McEvoy, 204 Misc. 426.)
The California courts have held that under section 402 of the California Vehicle Code, with precisely the same wording as the present New York statute, the liability of an owner for entrusting a car to a known incompetent has not been eliminated. (McCalla v. Grosse, 42 Cal. App. 2d 546.) This court is in agreement with the California rule. A contrary holding under Michigan law may be distinguished by virtue of the negative wording of the Michigan statute.
*333 The defendant, Valley Motors, raises in its brief the argument that the motion to amend was made more than three years after the accident occurred, and was, consequently, not timely.
The general rule is that a court may allow the amendment of a complaint by even allowing a cause of action barred by the Statute of Limitations. But in such a case, the defendant must not be deprived of his defense of the statute. (Harriss v. Tams, 258 N. Y. 229, 240.) The merits of the defense must be litigated on trial or by appropriate motion, and not raised as an argument in the brief on the motion to amend the complaint.
The motion to amend the complaint is granted on condition that the amendment state more fully the nature of the alleged incompetency and by reason of the nature of this amendment it is the opinion of this court that the plaintiff should serve an amended complaint to give the defendant an opportunity to answer. (Goldner Trucking Corp. v. Stoll Packing Corp., 12 AD 2d 639.)