■ CONTINENTAL AUTO LEASE CORPORATION, Respondent, v. DORIS B.
CAMPBELL, as Administratrix of the Estate of RALPH B. SHEPARD, Deceased,
Appellant.— Judgment affirmed, with costs. All concur, except Williams, P. J.,
who dissents and votes to reverse and to dismiss the complaint, in the following
Memorandum:   I cannot agree that Continental Auto Lease Corporation
is an "absentee owner". Continental entered into a purely commercial trans-
action to lease the automobile that was damaged, to one Carl Kamman for
the mutual profit of both parties, under the terms of a rental contract. Under
that contract Continental placed certain limitations and restrictions upon the
use of the automobile by Kamman. In other words, it reserved a certain
amount of control over the operation of the car, and Kamman was not com-
pletely free in his use of the car. Among other things, under the agreement
(1) the automobile could not be abused or overloaded; (2) Kamman was pro-
hibited from driving the car out of the State of New York without the written
permission of the owner; (3) failure to return the car upon the agreed date
was to constitute a violation of section 1293-a of the Penal Law of the State
of New York; (4) Kamman agreed that Continental would not be liable for
injuries to anyone carried in the vehicle at his invitation; (5) Kamman was
prohibited from permitting the operation of the vehicle by any person under the
age of 21 years; (6) the use of the automobile to propel or tow any vehicle
was proscribed; (7) Kamman was prohibited from permitting any other
person to operate the automobile without the approval of the owner given at
the time of rental. There were other restrictions unnecessary to mention.
Thus, control was shared with Kamman by Continental. Continental, which
leased this automobile for its own profit, should not be permitted to occupy
the highly favored position of an absentee owner who may recover for loss
without regard to the fault of the driver. The Trial Judge found that Con-
tinental was entitled to the benefits of the absentee ownership doctrine as a
matter of law. In my opinion the record discloses that as a matter of law
Continental did not occupy such status. Historically most of the cases dealing
with the rule stem from the pivotal case of *Gochee* v. *Wagner* (257 N. Y. 344).
That case did not contemplate one in the position of Continental as being
considered a gratuitous bailor. It is stated at page 347:  "One who borrows
a car of the owner for his own use is a *gratuitous* (commodatum) bailee. He
is not an agent of the owner. He uses the car for his own business or pleasure,
and *not for any purpose in which the owner is interested.*"  (Emphasis added.)
The case of *Bulat* v. *O'Brien* (13 A D 2d 904) also reflects the underlying
philosophy of the *Gochee* case, where it is stated:  "The negligence of an auto-
mobile driver is not imputable to the owner of it when the car is being
operated with his consent but in his absence unless it is being used in his
business *or for his benefit* and on his account."  (Emphasis added.)  Stated
otherwise, neither of these cases conceives a situation where the automobile is
used for a purpose in which the owner is interested (*Gochee*), or for the
benefit of the owner (*Bulat*). In the present case, Continental had a very
beneficial interest in the entire transaction including the operation of the car.
(Appeal from judgment of Erie Trial Term for plaintiff in an automobile
negligence action.)  Present — Williams, P. J., Bastow, Goldman, Del Vecchio
and Marsh, JJ.