Memorandum. The order should be reversed and the defendant-respondent’s motion for summary judgment denied, with costs. A triable issue is presented as to whether, in renting the car to plaintiff, defendant-respondent imposed as a condition on its use a requirement it be operated by Cameron. If this condition was actually imposed, the plaintiff did not have the complete legal control of the vehicle to bring the case within the doctrine of Gochee v. Wagner (257 N. Y. 344) and Cameron’s operation could be held to be authorized and required by the lessor-owner (cf. Jenks v. Veeder Contr. Co., 290 N. Y. 810). Neither side deals with the authority of the purported agent of the lessor-owner to impose the condition or with the facts relating to the condition. The record shows merely the allegation of the facts in the complaint and denial in the answer. Defendant-respondent must know whether the purported agent was employed and had authority; and whether he imposed the conditions on the use of the car which plaintiff alleges. The. record as it comes here shows a triable issue.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed, with costs, and matter remitted to Supreme Court for further proceedings in accordance with the memorandum herein.