GERTRUDE SHELLEY, Respondent, v. CARRIER BUS CORP. et al., Respondents, and PHILLIP B. INGLE, Appellant, et al., Defendant.—

Rabin, P. J., Munder, Martuscello and Gulotta, JJ., concur; Shapiro, J., concurs, with the following memorandum: I agree with the dissent of Mr. Justice Hopkins in *Kleinman* v. *Frank*, 34 A D 2d 121, 124, but in view of the majority opinion in that case which was affirmed by the Court of Appeals (28 N Y 2d 603), I am constrained to concur. The result of a reversal here is to immunize the owner of the vehicle, Ingle, from liability merely because the suit here is directly by the bailee-passenger plaintiff against him. If the plaintiff had sued McKenna, the driver of the automobile, his liability would have been unassailable and the verdict against him would have had to be paid by Ingle's insurer, since McKenna as the operator was an assured under the Ingle liability policy (Vehicle and Traffic Law, § 345). I submit that this fact pattern warrants a narrowing of the scope of *Gochee* v. *Wagner*, 257 N. Y. 344, but it is for the Court of Appeals to make such a determination.