■ FELISA A. KALECHMAN, as Administratrix of the Estate of HERSZ KALECHMAN, Deceased, Respondent, v. DREW AUTO RENTAL, INC., Appellant.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant appeals from an order of the Supreme Court, Queens County, dated October 12, 1971, which denied its motion for summary judgment. Order reversed, on the law, without costs, motion granted and complaint dismissed. Plaintiff's intestate, Hersz Kalechman, was killed when the automobile in which he was a passenger collided with a truck. The accident took place on April 2, 1968 in the State of Mississippi. At the time of the accident the car was being driven by David Trigub, the deceased's father-in-law. It was owned by defendant, which had leased it to Speizman Knitting Machine Co., the deceased's employer, and had been furnished to the deceased so that he could travel to Mexico on business for the company. Trigub was accompanying him at his own expense. The company was informed of this arrangement prior to the trip and it may be presumed that at least tacit approval was given by its officers for Trigub to drive the car. In our opinion, under these circumstances, section 388 of the Vehicle and Traffic Law does not permit recovery against defendant. It was the deceased, as the employee of Speizman, who had custody of the automobile. As to this the record presents no genuine issue of fact. As the custodian, the deceased had dominion and control over Trigub and the latter's negligence must therefore be imputed to him in an action against the owner (*Shelley* v. *Carrier Bus Corp.*, 36 A D 2d 862; *Kleinman* v. *Frank*, 34 A D 2d 121, affd. 28 N Y 2d 603; *Ullery* v. *National Car Rental System*, 28 A D 2d 1111, revd. 23 N Y 2d 677; *Glennie* v. *Falls Equip. Co.* 238 App. Div. 7; *Gochee* v. *Wagner*, 257 N. Y. 344). Hopkins, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Shapiro, J., concurs in result, with the following memorandum: I adhere to the views expressed by me in my concurring memorandum in *Shelley* v. *Carrier Bus Corp.* (36 A D 2d 862), but, on constraint of that case and the cases therein cited, I concur in the result here reached by the majority of the court. Here, too, as in the *Shelley* case, a plaintiff is denied recovery — with resultant unfair benefit to the insurance carrier — because she sued the owner of the automobile directly instead of suing the negligent driver. If she had done the latter, she would have been defended by this very defendant's insurance carrier and the recovery would have been the latter's responsibility. A denial of a recovery to an injured plaintiff or, as in this case, to the estate of a decedent, which is entirely based

on a legal fiction and which defies reality, is a sort of alchemy which to me seems clearly unjust and unreasonable.