Chables H. Cohen, J.
Plaintiff was a passenger in an automobile owned by plaintiff which automobile was being driven by the third-party defendant, Zeyne Aytan, when there was a collision between that automobile and one owned by defendant. Plaintiff sued defendant in this negligence action for personal injuries and for property damage to plaintiff’s car. Defendant brought a third-party action demanding judgment over against Zeyne Aytan for the amount of any judgment obtained by plaintiff against Zeyne or in the alternative “ for such part of said judgment as is apportionable to the negligence of plaintiff and/or the third-party defendant, as compared with the alleged negligence, if any, of the defendant and third-party plaintiff.” Zeyne moves to dismiss the third-party complaint for failing to state a course of action pursuant to CPLR 3211 (subd. [a], par. 7). Defendant claims that the third-party complaint is suffi *817 cient under the authority of Dole v. Dow Chem. Co. (30 N Y 2d 143).
In making a determination of this matter, the rule enunciated in Gochee v. Wagner (257 N. Y. 344), must be kept in mind. Under that rule (p. 348), “ The negligence of the driver should be imputed to the owner when present in the car, where the owner seeks to recover from the other negligent party for damages to his person or car.” Therefore, if the plaintiff owner should recover against defendant, it would necessarily mean that neither plaintiff nor Zeyne was negligent and that defendant was solely responsible, in which case defendant could not recover against Zeyne. Putting it another way, if Zeyne were negligent, plaintiff, who is responsible for any negligence of Zeyne, could not recover; but if plaintiff did recover, it would necessarily mean Zeyne was not negligent, in which case defendant could not recover against Zeyne. This is very different from a situation where the negligence of the driver may not be imputed to the passenger. (Cf. Moreno v. Galdorisi, 39 A D 2d 450, 452.) Of course, if plaintiff should fail to recover against defendant, either because "of any negligence of plaintiff, or of Zeyne — which, as pointed out above, would be imputed to plaintiff — or because defendant was not negligent, then defendant would not incur any liability and would not have any claim at all to assert against Zeyne.
Thus, while Dole provides for apportionment of liability between or among those responsible, such an apportionment simply could not be made in this case where, as a matter of law, plaintiff could not recover at all if Zeyne were negligent. Dole stated (supra, pp. 148-149): “ The conclusion reached is that where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party. To reach that end, there must necessarily be an apportionment of responsibility in negligence between those parties. ’ ’
In this case there can be no “part” responsibility; if the third party, Zeyne, were negligent, there would be no recovery at all and no responsibility to apportion.
The. fact that, as argued by defendant, the plaintiff owner may have a cause of action for negligence against the driver even though the owner was a passenger at the time of the accident (Lamoureaux v. Crowe, 6 A D 2d 930, 931; Urquhart v. McEvoy, 204 Misc. 426; Smalt v. Rider, 126 N. Y. S. 2d 868), does not affect this case since the plaintiff owner is not suing *818 the driver. The court does observe that in such an action, the driver, under the authority of Dole, could presumably bring in the defendant Acosta as a third-party defendant, and that in such case, there might be an “ apportionment of responsibility ” so that the defendant Acosta might incur liability even though the driver were negligent. This is hardly a cause for complaint by the defendant in the instant case where, by virtue of Gochee, he can incur no liability at all if plaintiff’s driver is found to be negligent.
The motion to dismiss the third-party complaint is granted.