█ VINCENT MUNN, Respondent, and LORETTA MUNN, Appellant, et al., Plaintiffs, v. BEN MORRIS et al., Appellants-Respondents.—Judgment, Supreme Court, New York County, entered September 1, 1972, is modified, on the law, to delete therefrom that portion of the judgment in favor of plaintiff Vincent Munn in the amount of $40,182.75 and to direct that defendants have judgment on the merits dismissing the complaint as to said plaintiff, and, as modified, the judgment is affirmed, without costs and without disbursements. The accident occurred while plaintiff Loretta Munn was driving a vehicle occupied by her husband the plaintiff Vincent Munn, and their two infant daughters. It is undisputed that Vincent Munn is the registered owner of the vehicle. Separate causes of action were submitted to the jury on behalf of each plaintiff for that plaintiff's personal injuries. Additionally, Loretta Munn sought recovery for loss of consortium arising out of the injuries to her husband. The jury was instructed that contributory negligence, if found, on the part of any plaintiff would bar that plaintiff's recovery. With respect to the claim for loss of consortium it was charged that such would be barred by the contributory negligence of either Loretta or Vincent Munn. The jury found in favor of Vincent Munn for $40,000 and in favor of each of the infant plaintiffs for $1,000. However, it found against Loretta Munn with respect to both of her claims. Accordingly, the defendants moved to set the verdict aside and for judgment dismissing the complaint as to Vincent Munn, arguing that the finding, implicit in the jury's verdict, that Loretta Munn was guilty of contributory negligence, operated to defeat the cause of action on behalf of Vincent Munn. The trial court, however, concluded that defendant had not taken adequate exception to the charge insofar as there was a failure to instruct the jury on the subject of imputed contributory negligence, and hence, that defendant was bound by the charge, albeit erroneous. And it was further concluded, that since the jury's verdict was consistent with the instructions given to it, that the verdict should not be set aside. It is quite clear, as was found by the trial court, that the jury reached the conclusion that Loretta Munn was guilty of contributory negligence. The rule of law controlling in this situation is that the contributory negligence of a driver is imputable to the owner of the automobile who was present in the vehicle at the time of the accident. (*Gochee* v. *Wagner*, 257 N. Y. 344.) This rule of law has been restated time and again and consistently followed by the courts.

(See *Brown* v. *Poritzky,* 30 N Y 2d 289; *Lindner* v. *State of New York,* 27 N Y 2d 703, affg. 30 A D 2d 615; *Shelley* v. *Carrier Bus Corp.,* 36 A D 2d 862; *Kleinman* v. *Frank,* 34 A D 2d 121, affd. 28 N Y 2d 603.) While defendant did not request a charge on the doctrine of imputed contributory negligence, counsel specifically excepted to that portion of the charge which in effect, instructed the jury "that if Mrs. Munn was guilty of negligence, contributory negligence, her negligence was *not* to be attributable to her husband." (Italics supplied.) As such, the substance of the rule of· *Gochee* v. *Wagner* (*supra*) was brought to the court's attention and there was adequate opportunity to correct the error. (See *Gangi* v. *Fradus,* 227 N Y 452; *Bulson* v. *Lear,* 222 App. Div. 413; 8 Carmody-Wait 2d New York Practice, § 57:18, p. 304.) Adequate exception having been taken, counsel was not bound by the erroneous charge given to the jury. On this record, and as the law presently stands, we have no choice but to impute the contributory negligence of Loretta Munn to her husband, Vincent Munn, and therefore, judgment must be directed in favor of defendants with regard to Vincent Munn's claim. If the law in this area is to be changed in view of recent developments, i.e., *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) such is solely within the province of the Court of Appeals. And we note that only recently the Court of Appeals refused to reconsider the doctrine of contributory negligence even in light of *Dole* v. *Dow Chem. Co.* (*supra*). (*Codling* v. *Paglia,* 32 N Y 2d 330.) Concur — Markewich, J. P., Lane, Steuer and Tilzer, JJ. Kupferman, J., dissents in the following memorandum: The issue of contributory negligence aside (*Codling* v. *Paglia,* 32 N Y 2d 330), if the case of *Gochee* v. *Wagner* (257 N. Y. 344), ever had any validity, now under the decisions of *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) and *Kelly* v. *Long Is. Light. Co.* (31 N Y 2d 25) for the purpose of measuring the degree of culpability between operators of motor vehicles, it is an anomaly that no longer deserves sustenance. (See Judicial Decision, Wasserstrom, ch. 3 on Some Typical Discussions of the Doctrine of Precedent, p. 39.) Mr. Justice James D. Hopkins has heretofore delineated the reasons for confining or undermining the rule of *Gochee* v. *Wagner* in his well reasoned dissent in *Kleinman* v. *Frank* (34 A D 2d 121, affd. without op. 28 N Y 2d 603) but the seeming rejection of his contention took place before *Dole* and *Kelly.* Similarly, it has been pointed out by Harper and James in the Law of Torts (vol. 2, § 26.13, p. 1416) that there is "an increasing willingness to find exceptions" to the rule which assumes that the owner being driven in his own vehicle can control the actions of the driver. The most likely case, as we have here, is the husband-wife situation where one spouse is the owner and being driven by the other spouse. Recently, in a very thorough analysis of a *Dole-Kelly* situation involving an interpretation of *Gelbman* v. *Gelbman* (23 N Y 2d 434) where a mother was permitted to sue her minor child, Justice Bertram Harnett in *Hairston* v. *Broadwater* (73 Misc 2d 523), discussed the question of contribution between joint tort-feasors with an intrafamilial tort situation, and made it obvious that the question of contribution was uppermost. In a situation similar to the case before us, where a husband and wife were suing in an automobile negligence case (*Katz* v. *Dykes,* 41 A D 2d 913) this court held that "the negligence of the husband-operator may not be imputed to his passenger wife". The fact that a husband-passenger is also the owner should, in my opinion, not change the result. The problem is best summed up in the April, 1973 issue of the *New York State Bar Journal* in Dole v. Dow Chemical Co.: A Preliminary Analysis by Harold Lee Schwab, where (pp. 144, 159) we find the following comment: "The legal anchoronism enunciated in *Gochee* v. *Wagner,* 257 N. Y. 344, might well be reduced to the status of a legal

antiquity prior even to an authoritative disposition of contributory negligence. In the classic *Gochee* case, a passenger-owner sues his host-driver as well as the operator of the other vehicle involved in a two car automobile accident. He may recover against one defendant or the other defendant but not both. If the host-driver is negligent, such negligence is imputed to the passenger-owner so as to preclude recovery against the driver of the second vehicle. The theory of this doctrine was in effect that a passenger-owner had control over the actual operation of his vehicle by virtue of his presence. The only way in which the passenger-owner can recover against the driver of the second vehicle is for the jury to find that the other driver was negligent and that the host-driver was not negligent. Under Dole there is to be apportionment however. If so, and assuming that both defendants are negligent but in varying degrees, why logically should not the plaintiff obtain a judgment against both drivers on an apportionment basis? Further, assuming that the passenger-owner does not sue his host-driver (as is often the case when there is a husband and wife situation) and that he obtains a verdict against the driver of the second automobile, what is there now to prevent that defendant driver from impleading the host-driver and obtaining contribution? Absenting entirely the question of whether in fact the owner-passenger has any control over the operator of his automobile so as to justify Gochee on a practical basis, it is apparent that Dole has undermined the jurisprudential anomaly of imputed negligence." I would affirm.