Vincent F. Naeo, J.
In this negligence action plaintiff Susan Soulantzos sues for personal injuries and plaintiff Thomas *1096 Soulantzos sues for property damage to Ms automoMle as a result of a collision with a truck owned by defendant.
It appears that plaintiff Susan Soulantzos was operating the automobile owned by plaintiff Thomas Soulantzos in the absence of plaintiff Thomas Soulantzos, but for the benefit of plaintiff Thomas Soulantzos.
In Gochee v. Wagner (257 N. Y. 344) it was held that the negligence of the driver of an automobile would be imputed to the owner of the automobile if he was a passenger in the automobile at the time of the accident, so as to bar the owner’s claim for injuries against a third party. The reasoning of the court as stated on page 348, was: “ When the respondent entered the car, he regained dominion over it * * * It was respondent’s car, he was present and had the legal right to control its operation, and the negligent conduct of the driver was imputable to him.”
In Mills v. Gabriel (259 App. Div. 60, affd. 284 N. Y. 755) the court refused to impute negligence to an owner of an automobile, which was being used with his permission in his action for property damage to his automobile against a third party when he was not present in the automobile at the time of the accident and the operator of the automobile was using it for his own private purpose and not for the benefit of the owner.
The defendant in the case at bar requested the court to charge the jury that insofar as the claim of plaintiff Thomas Soulantzos for property damage is concerned, since it is conceded that plaintiff Susan Soulantzos was driving the automobile for the benefit of plaintiff Thomas Soulantzos that any negligence on the part of plaintiff Susan Soulantzos must be imputed to plaintiff Thomas Soulantzos. The defendant argues that under the holding in Mills {supra), the only time that the negligence of the driver of an automobile will not be imputed to an absentee owner is in the case where the automobile is being used for the purpose of the driver. The court denied defendants’ request.
The court agrees with the defendants’ interpretation of the holding in Mills. However, the court is of the opinion that the distinction made in Mills as to whether the automobile is being used for the purpose of the driver or the benefit of the owner has been overruled by the Court of Appeals in the case of Kalechman v. Drew Auto Rental (33 N Y 2d 397, 405) wherein the court said: “ We have therefore concluded that Gochee v. Wagner should be overruled, and that the general rule should be applied without exception by allowing the plaintiff passenger to recover for negligent operation of the vehicle — no matter *1097 what his relationship to the driver may be — unless it is shown that his own personal negligence contributed to the injury.”
In Continental Auto Lease Corp. v. Campbell (19 N Y 2d 350, 353) the court said: “ Gochee v. Wagner {supra) makes it clear that the touchstone of imputed contributory negligence is the existence of a relationship between the owner of the vehicle and the operator such that the operator of the vehicle is subject to the owner’s control. Such control need not be actually exercised— it can be inferred, as in Gochee, when the owner is physically present in the car. Likewise, the requisite degree of control might be found in the master-servant or principal agent relationship when the physical operation of the vehicle is for the benefit of the owner.”
It appears that in Continental {supra) the court equated the reasons for the doctrine of imputed contributory negligence in the case of a passenger owner with the case of an absentee owner where the vehicle was being used for such owner’s benefit.
Thus Kalechman which overruled the doctrine of imputed contributory negligence of an owner passenger must of necessity have overruled the doctrine of imputed contributory negligence to an absentee owner even though the vehicle was being used for such owner’s benefit.
Accordingly, the court holds that in the case of an absentee owner, the contributory negligence of the driver may no longer be imputed to such absentee owner, even though the vehicle was being used for such owner’s benefit.