Frederic E. Hammer, J.
In a negligence action after trial plaintiff John Nati ello ¡moves to set aside the jury verdict against him rendered on December 18, 1973 on the ground that it is contrary to law (CPLR 4404).
Plaintiff movant was allegedly injured while a passenger in an auto owned by him and operated by his wife when the vehicle collided with defendant’s auto. Also injured in Natiello’s automobile as a result of the collision were three infant passenger plaintiffs. At the bifurcated trial of liability in this matter, the jury was charged with respect to the plaintiff-owner passenger that the negligence, if any, of the operator of his vehicle must be imputed to the owner present in the auto. (Gochee v. Wagner, 257 N. Y. 344.) The jury returned a verdict in favor of the three infant plaintiff passengers and against the plaintiff-owner passenger and the plaintiff-operator. To date no judgment has been entered in this matter.
Subsequent to the completion of the trial, the Court of Appeals on December 27,1973 in the landmark decision of Kalechman v. Drew Auto Rental (33 N Y 2d 397) reversed the long-standing rule of1 Gochee v. Wagner (supra) and held that the general rule to be applied without exception is to allow the plaintiff passenger to recover for the negligent operation of his vehicle — no matter what his relationship to the driver may be — unless it is shown that his own personal negligence contributed to the injury.
Therefore, while this court’s charge based on the now overruled case of Gochee v. Wagner (supra) re the plaintiff passenger was not contrary to law on the date it was submitted to the jury, it is presently inapplicable to the facts and circumstances of this case. It is axiomatic that since judgment has not been entered herein, and consequently plaintiff can still appeal any judgment entered, the appellate court in its review of this proceeding would apply the law as it exists on the date of appeal and in due course the jury’s verdict in this case would be set *472 aside. '(Cf. Hain v. Hewlett Arcade, 40 A D 2d 991.) It should he understood that the application of the Kalechman (supra) rule either at this time or at the appellate level would not be a retroactive application of a change in decisional law to a final determination but simply the application of a change in the law to a presently pending matter which is still in the judicial process. (Cf. Deeves v. Fabric Fire Hose Co., 14 N Y 2d 633.)
While defendants are correct in contending that the plaintiff’s motion was made after the 15-day time limitation prescribed by CPLR 4404, it is the opinion of the court that there are adequate special circumstances mandating a waiver of the 15-day time limitation. (See 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4405.05.) Nothing will be achieved by denying plaintiff’s application at this juncture by a hypertechnical approach to the power of this court in setting aside the jury’s verdict. On the contrary, both sides will be severely prejudiced by the time and the expense of an appeal.
Accordingly, in the interest of justice the plaintiff’s motion is granted to the extent that the jury verdict rendered in the cause of action of plaintiff John Natiello is set aside and a new trial ordered. 'The jury verdict in the remainder of the parties shall remain undisturbed.
Settle order and provide therein for the severance of plaintiff John Natiello’s cause of action from the remaining causes of action contained in the complaint and the restoration of said cause of action of John Natiello to the Trial Term calendar of this court upon submission of the appropriate papers to the Clerk thereof.