Arthur C. Aulisi, J.
This is an action for personal injuries allegedly sustained by plaintiff, Anna H. Cummings, as a result of an automobile accident which occurred on January 9, 1973 while she was riding in an automobile owned by her and operated by her husband, the plaintiff David Cummings. The first affirmative defense and counterclaim in defendants’ answer alleged that any damage sustained by plaintiff wife was sustained in whole, or in part, by reason of the negligence of plaintiff husband, and that, in the latter case, if it were determined that defendants are liable in any degree to the plaintiff wife, the defendants are entitled to have the liability apportioned between plaintiff husband and the responsible defendants. A reply of the plaintiffs denied the allegations of the counterclaim.
After issue was joined, plaintiffs moved to dismiss the first counterclaim on the ground that the doctrine of apportionment of liability enunciated in Dole v. Dow Chem. Co. (30 N Y 2d 143) had no application here. Plaintiffs contended that apportionment of liability could only be involved if plaintiff husband was negligent, in which event, the owner-passenger of that vehicle, his wife, could not recover against defendants since the husband’s negligence would be imputed to his wife, the owner-passenger, under the rule laid down in Gochee v. Wagner (257 N. Y. 344).
Based upon the legal principles set forth in the Gochee case, which was controlling at the time, this court granted plaintiffs’ *735 motion, dismissing defendants’ first counterclaim, and on December 6,1973, signed an order accordingly. The order was served on defendants’ attorneys on December 10, 1973, without notice of entry. On January 4, 1974, an appeal was taken by defendants from said order.
In the interval between the signing of the order and the taking of the appeal, on December 27,1973, the Court of Appeals in Kalechman v. Drew Auto Rental (33 N Y 2d 397, 405) overruled its decision in Gochee v. Wagner (supra) stating in its opinion: “ We have therefore concluded that Gochee v. Wagner should be overruled, and that the general rule should be applied without exception by allowing the plaintiff passenger to recover for negligent operation of the vehicle — no matter what his relationship to the driver may be — unless it is shown that his own personal negligence contributed to the injury.”
In the light of the change in the decisional law brought about by Kalechman, the defendants moved for a reargument of plaintiffs’ motion which culminated in the dismissal of the counterclaim and for the setting aside of the order previously granted on said motion in order to avoid the delay which would result from the time consuming procedure necessary to perfect the appeal. Plaintiffs, on the other hand, contend that defendants’ motion for reargument is not a proper remedy and that the rule of Kalechman is not retroactive; that the change in the decisional law brought about by Kalechman does not permit the defendants to range back into the past and overturn an order correctly made at the time of decision.
A short, concise statement of the circumstances attending a challenge to an established principle of law in a final appellate court and the operation of an “ overruling decision ” by that court may be found in Sears, Roebuck & Co. v. 9 Ave.-31 St. Corp. (274 N. Y. 388, 400, 401), the court saying: “Thus a decision of this court ‘ overruling ’ a previous decision is not, at least in theory, a retrospective change of the law; it is merely a reformulation of the general rules of law which we deem applicable in a particular situation. (Cf. People ex rel. Rice v. Graves, 242 App. Div. 128, affd. 270 N. Y. 498.) ”
While the old rule must, of necessity, remain a conclusive determination in prior litigated cases where the ordinary methods of review have been exhausted or the time for appeal has expired (Slater v. American Min. Spirits Co., 33 N Y 2d 443), it would seem that this court is obligated to follow the new expression of the rule by the Court of Appeals in all cases still in the judicial process. This is also the rule in other juris die *736 tions (see Bricker v. Green, 313 Mich. 218, 236, where the court, in overturning the doctrine of imputed negligence, such as we have here, said that the decisions in the earlier cases were overruled “ so far as pending and future cases are concerned ”).
At the time this court made its original determination on the motion of the plaintiffs, it applied the then existing law represented by the Gochee case, which, a short time later, was changed by the Kalechman decision. Defendants’ appeal from that determination has kept the matter alive. Since the appellate court would apply the law existing at the time of its decision (Kelly v. Long Is. Lighting Co., 31 N Y 2d 25, 29, n. 3), it would seem a wasteful expenditure of much professional and judicial time and effort to require defendants to perfect their appeal to accomplish a result which could be granted on a motion for reargument. The instant case is still in its pretrial stage and has not reached “ the final judicial repose” referred to by Judge Jones in the recently decided Slater (supra) case. Consequently, in the present posture of the law, the Dole v. Dow Chem. Co. apportionment principle is still' available to the defendants.
Accordingly, plaintiffs’ motion for a dismissal of the counterclaim is reconsidered and denied and the order granted thereon is vacated and the counterclaim set forth in the answer is permitted to stand.