Edward S. Conway, J.
This is a motion by the plaintiff Mildred Durham for an order dismissing the counterclaim asserted by the defendants against her upon the ground that said counterclaim fails to assert a good cause of action as a matter of law.
The action on which the instant motion and counterclaim is predicated has been instituted for recovery of damages for personal injuries allegedly sustained in an automobile accident of July 16,1970. An automobile owned by the defendant Gordon Holmes, and operated by the defendant Thomas Holmes, was involved in a collision with an automobile owned by the plaintiffmovant, Mildred Durham, and operated by the plaintiff Gail L. Van Derwerken, with her consent and permission.
Thereafter, the complaint was served by the plaintiffs alleging negligence on the part of the defendants, and an answer which contained a counterclaim over against both plaintiffs in the event of a recovery against these defendants, was served by the defendants on the plaintiff Mildred Durham on the Dole v. Dow Chem. Co. (30 N Y 2d 143) theory.
*144 Plaintiff-movant now moves to dismiss the counterclaim as against her contending that there is no basis for an apportionment as against plaintiff Mildred Durham. The court cannot agree with this contention of plaintiff Mildred Durham..
It is the opinion of the court that if Mildred Durham should get a verdict against Holmes, then Holmes could recover over against, the plaintiff Grail Van Derwerken (as the operator of the car) if she were held to be negligent to any percentage and that the plaintiff Durham would be held statutorily liable (as the owner of the car) for the same amount as Van Derwerken, pursuant to section 388 of the Vehicle and Traffic Law. Therefore, to that extent, the counterclaim against Van Derwerken and Durham states a good cause of action against both plaintiffs.
The Court of Appeals in Kalechman v. Drew Auto Rental (33 N Y 2d 397) overruled Gochee v. Wagner ,(257 N. Y. 344) and relieved an owner passenger of imputed negligence of the driver but it did not relieve the owner of the statutory derivative liability and responsibility created by section 388 of the Vehicle and Traffic Law for death or injuries to person or property resulting from negligence in the use or operation of the owner's vehicle by any person using or operating the same with permission of the owner.
Therefore,' the motion to dismiss the counterclaim against Mildred Durham is denied.